### OLIVIER LAFLEUR *v.* C. H. MOUTON et al.

Matter which may be pleaded to the merits, cannot be made grounds for an Injunction.

It is a good defence for the surety on a forfeited recognizance, that the principal had been tried and acquitted of the offence for which he was bound over, since the forfeiture.

An Injunction will not be dismissed when it appears that the party will be immediately entitled to the same remedy.

APPEAL from the District Court, parish of St. Landry, *Cushman*, J., presiding. *Linton*, for plaintiff and appellant. *Hardy & Mouton*, for defendants.

ROST, J.  A judgment was regularly obtained on behalf of the State, against the plaintiff, as surety on a forfeited recognizance given by *Olivier Lafleur*. He appealed from that judgment, but failed to give bond during more than twelve months, and the judgment thus became final. Execution having issued upon it, and property of the plaintiff having been seized, he obtained an injunction, alleging that the recognizance did not state the cause for which it had been taken, and that judgment was improperly rendered against him on that ground.

It is manifest that this was a defence to the merits known to the plaintiff at the time the judgment was obtained against him, and consequently no legal ground for an injunction; but on the trial of the case, the counsel for the plaintiff gave in evidence the indictment charging *Olivier Lafleur* with an attempt to commit a rape, and at the same time offered legal evidence to prove that since the institution of this suit the accused had surrendered himself; had stood his trial, and had been acquitted; which was objected to on behalf of the State, and the objection sustained by the Court on the ground that the pleadings did not authorize the admission of the evidence. This is strictly true, but as we have no reason to doubt the truth of the facts alleged, and they are sufficient to authorize the injunction of the judgment, we feel bound to adhere to

OLIVIER
*v.*
MOUTON ET AL

the rule, not to dismiss an injunction when we believe that the plaintiff would be immediately entitled to the same remedy. See the case of *Exiniceas* v. *Dies*, 3d N. S. 480; *Chambliss* v. *Atchison*, 2d Ann. 488; *Dorcey* v. *Hills*, 4th Ann. 107; *Gillespie* v. *Police Jury*, 5 Ann. 406.

If the accused has been fairly tried and acquitted, which we do not understand to be denied by the counsel for the State, the State has no further claim under the recognizance, although it may have ripened into a judgment. See 7th An.

We have concluded to remand this case, with leave to both parties to amend; but as the costs attending this disposition of it are attributable to the plaintiff's neglect, relief is granted to him upon condition that he shall pay those costs.

It is ordered that the judgment be reversed, and the case remanded for further proceedings, with leave to both parties to amend, the plaintiff paying all the costs incurred up to this date.