JOHN P. MASON, Ex'r, *v.* E. B. FULLER and G. M WILLIAMS, Sheriff.

A judicial bond must be construed by reference to the order of court, in pursuance of which it was given.

When, by a clerical inadvertence, at the time of signing the bond, it was not filled up with the amount fixed as the penalty, but a blank space left for its insertion, the law implies that the bond was given for the sum fixed by the order, and the principal and sureties will be bound thereby for that amount.

Clerks of court have not the power to grant orders of seizure and sale.

The power conferred on Clerks of court (out of the parish of Orleans) to grant orders for the sale of succession property is confined to such orders as are required and asked for by Curators, Administrators and Executors in the regular course of their administration. Such orders cannot be made by the Clerk, at the instance of creditors, to inforce the payment of a debt.

APPEAL from the District Court of Tensas, *Snyder*, J.

*Thomas P. Farrar*, for plaintiff and appellant. *Stacy & Sparrow*, for defendants.

SPOFFORD, J. The plaintiff has appealed from a judgment dissolving an injunction he had sued out against an order of sale.

The injunction was dissolved below upon the ground that no legal bond was given.

The District Judge granted the order of injunction "upon petitioner giving bond and security, conditioned according to law, in the sum of fifteen hundred dollars."

Thereupon, and on the same day, the petitioner, with two sureties, signed a bond reciting the cause for which it was given, and conditioned to pay all such damages as might be sustained by the defendant, *Ezra B. Fuller*, in case it be decided that said order of injunction was improperly obtained.

By a clerical inadvertence the sum of fifteen hundred dollars was not stated in the instrument as the penalty of the bond, a blank space being left where the penalty was referred to.

The District Judge thought this omission fatal to the validity of the bond.

We are of the opposite opinion. The principal and sureties could not have escaped from liability upon this bond on the ground of such omission. It being a judicial bond, it must be constructed by reference to the order in pursuance of which it was given. The order fixed the penalty at the sum of fifteen hundred dollars. The law, therefore, implies that the bond given under the order was given for that sum; no specific sum being named therein, but a hiatus left for its insertion.

It has been said by our predecessors that, in a judicial bond, "any clause which is superadded must be rejected, and any that is omitted supplied." *Slocomb* v. *Robert*, 16 L. R. 174; *Welsh* v. *Thorn*, Ib. 196. And it has been several times held that a clerical omission of this character may be supplied afterwards, so as to bind the parties who sign a judicial bond with a blank space left for the penalty. See *Breedlove* v. *Johnston*, 2 N. S. 517; *State of Louisiana* v. *Judge of First District*, 19 L. R. 179; *Eyssallenne* v. *Citizens' Bank*, 3 An. 663.

We think the blank in this bond could have been filled up at any time with the sum for which it was given, and that the motion to dissolve on this ground should be overruled.

But the appellee contends that the injunction should be dissolved upon its merits; that is, that the allegations and proofs did not authorize a stay of the proceedings enjoined. And it seems, from another injunction sued out by the same plaintiff, now before us, that the District Judge was of this opinion.

In this view of the case we are also unable to concur.

The order granted and enjoined was in effect an order of seizure and sale, an executory process of the most summary and stringent kind. An order and process which it was incompetent for the Clerk of the District Court for the parish of Tensas to grant, in this form, and under the petition filed by the creditor *Fuller*.

In pursuance of the Article 76 of our present Constitution, the Act of April 30th, 1853, (Sess. Acts, 294,) empowered Clerks of courts (out of the parish of Orleans) amongst other things, "to grant orders for the sale of succession property." We interpret this to mean such orders as are required or asked for by Curators, Administrators and Executors in the regular course of their administration; such orders as they ask for the sale of so much of the property as may be necessary to pay the debts in general which are exigible, orders which are therefore properly granted *ex parte*.

Here the applicant for the order is not the executor, but a creditor who is really acting adversely to the executor, that is, he seeks to compel a sale of property under the administration of the executor which the executor is unwilling to have sold in the mode ordered; a proceeding which should be had contradictorily with the executor, and would, therefore, require, in passing upon it, a judicial discretion which has not been vested in the Clerk of the District Court; and finally the order is not to sell property of the succession to pay debts in general, but to sell a specific piece of property on which a vendor's privilege is claimed, to pay by preference a specific debt held by the creditor who seeks to procure the order, in a petition drawn up nearly in the form of a petition for a seizure and sale.

The creditor should have resorted to the District Court, either to procure an order of seizure and sale or a rule on the executor to show cause why the pro-

MASON
v.
FULLER.

perty should not be sold according to the Articles 990, 991 and 992 of the Code of Practice.

It is, therefore, ordered that the judgment of the District Court be avoided and reversed, and that the injunction sued out in this case be reinstated and made perpetual, with costs in both courts.