No. 2599.—S. WOOLFOLK et al. v. E. WOOLFOLK.

An appeal will not lie from an interlocutory judgment, where it is not shown that irreparable injury would follow.

Mere delay will not authorize the intervention of the appellate court.

If the interlocutory judgment is erroneous it may be corrected on appeal from the final judgment in the cause.

An injunction will not be dismissed on account of insufficient security, if it appears that the party will be immediately entitled to the same remedy; but, the judge a quo, may in his discretion permit additional security to be given.

APPEAL from the Parish Court of Iberville. *Moore*, Parish Judge. *Samuel Mathews*, and *Race, Foster & E. T. Merrick*, for plaintiffs and appellants. *Talbot & Fuqua*, for defendant and appellee.

HOWELL, J. The heirs at law of Austin Woolfolk, deceased, obtained a judgment against their mother, the widow in community, decreeing a partition of the property held in common, fixing the respective shares or proportion of each of the parties, plaintiffs and defendant, ordering the said property to be sold for the purpose of partition, and referring the parties to a notary to complete it. The order of sale was issued to an auctioneer, and under it the property was advertised, whereupon M. Hebert, as administrator of the successions of Thomas Mille and wife, and E. Durrive, for the use, etc., judicial mortgage creditors of the defendant, Mrs. Woolfolk, enjoined the sale, and asked that the judgment of partition be annulled on the following grounds:

*First*—The parish court, which rendered the judgment of partition, was without jurisdiction *ratione materiæ*.

*Second*—There is no such amount, as stated, due the plaintiffs, and if anything is due them, they have no mortgage.

*Third*—At the time said judgment of partition was rendered, and long previous thereto, petitioners had caused the interest of Mrs. Woolfolk in said property to be seized under their writ of *fieri facias*, and the same was at the time in the custody of the law.

The defendants in the injunction moved to dissolve, on the grounds that the petition disclosed no ground for an injunction; that if the plaintiffs have any mortgage and privilege, they must exercise it as

required by articles 401 and 402, C. P., and not by injunction; that if the judgment is null and void, it can not prejudice any one, and by the same reason the parish court can not entertain jurisdiction of the injunction suit, and that the security on the injunction bond is insufficient.

The motion to dissolve was overruled, the judgment signed, and five days allowed to furnish additional security. The defendants in injunction, alleging irreparable injury, appealed.

A motion is made to dismiss the appeal, on the ground that the judgment is interlocutory, and not a final one.

The judgment is clearly an interlocutory one, the effect of which is to delay the sale and ultimate partition; but there is nothing in the facts or in the character of the property going to show that this delay will work an irreparable injury to the appellants. Mere delay will not authorize the interference of the appellate court. 11 M. 276; 12 M. 488; 3 N. S. 25; 15 La. 521.

If the interlocutory judgment be erroneous, it may be corrected by appeal from the final judgment. 3 R. 457. The refusal to dissolve on the face of the papers left the case as it was when the injunction was granted.

The judge *a quo* believing the cause for injunction to be good and sufficient, did not err in permitting additional security to be given, as another writ could have been immediately granted. 3 N. S. 480; 4 N. S. 499; 8 An. 489.

We must determine whether an appeal lies before we can inquire into the correctness of the judgment.

It is therefore ordered that the appeal herein be dismissed, with costs.

Rehearing refused.