## No. 99.—W. R. WARD v. D. B. DOUGLASS, Sheriff, et al.

Where the appeal is granted, on motion in open court, and the bond is given in favor of the ' clerk, all the parties to the suit, who are not appellants are appellees, and the appeal will not be dismissed for the want of proper parties.

The rule is well settled that an injunction will not be dissolved for an alleged informality, if it appear from the record that there exists good cause for an injunction.

Where mortgage notes have been given to factors or commission merchants, to secure advances made and supplies furnished to a planter, and an account is rendered and a balance struck showing the amount due by the planter, the factor can not resort to the executory process to enforce payment of the balance claimed to be due, even if a mortgage exitsts to secure the balance.

In such a case the factor should be compelled to establish the correctness of his account con- tradictorily with the planter.

APPEAL from the Fourteenth District Court, parish of Morehouse. *Ray*, J. *D. C. Morgan*, for plaintiff and appellant. *Todd & Brig- ham*, for defendants and appellees.

LUDELING, C. J. The defendants have moved to dismiss this appeal, on the ground that the sureties on the injunction bond have not appealed, and are not parties to the appeal.

The motion for an appeal was made in open court and granted, and the appeal bond is in favor of the clerk. We have held that under such a state of facts the parties to the suit, who are not appellants are appellees, and that the appeal will not be dismissed. The motion is therefore refused.

On the merits, the view we have taken renders it unnecessary for us to notice either the exception, based on the inartificial and confused pleadings of the plaintiff, the bills of exceptions, or the various points made in argument.

It is now well settled that an injunction will not be dissolved, if it appears from the record that there exists good cause for an injunction. This record contains such evidence.

The plaintiff, a member of a planting and commercial partnership, had dealings with the defendants, the factors and agents of said firm, during the year 1867. The account current, furnished by the defendants, shows that the plaintiffs are charged with the amounts of these two notes, which form the basis of the order of seizure and sale, and with drafts accepted as well as drafts paid for plaintiffs, with supplies, commissions, interest, etc., amounting in the aggregate to $27,040 15; and that they are credited with the proceeds of the two notes, less two and a half per cent commission, two and a half brokerage, and eighty-seven discount, with the proceeds of cotton, cash remitted, etc., amounting in the aggregate to $18,834 28; leaving a balance against the plaintiffs of $8205 87.

For this balance an order of seizure and sale was issued, without any proof of its correctness.

The notes were made in favor of the defendants to enable them to raise the money necessary for them to do the business of their principals. When these notes were taken up by the factors, they had accomplished the object for which they were made, and they were mere vouchers in the hands of the factors, to prove items of their account against their principals. 2 An. 635, Succession of Guellemain; 2 An. 779, Toledano v. Gardiner; 9 An. 116, White & Co. v. Rucker. It would be monstrous to permit the factors to resort to the executory process, under such circumstances, even if a mortgage exists to secure the balance, about which we express no opinion. The factors and agents should be required to prove, contradictorily with their principals, the correctness of their accounts.

It is, therefore, ordered and adjudged that the judgment of the district court, against the plaintiff, be avoided and reversed, and that the injunction be perpetuated. It is further ordered that the defendants pay costs of both courts.

Howe, J., *dissenting.* The pleadings of the plaintiff himself, and the testimony in the record, have satisfied my mind that at the time the defendants took out their executory process, they were the holders in good faith, for value, of the notes in question, secured by mortgage importing a confession of judgment, and were entitled to the executory process. While, therefore, I do not differ with the court upon the abstract doctrines of law stated in the opinion, I can not think that the facts of the case support the decree.