No. 3164.—LEWIS & GIST v. S. B. DANIELS, Sheriff, et al.

A motion is made to dissolve the injunction in this case on the ground that there was no affidavit made, as required by law. It appears that the order granting the injunction was rendered by the district judge. It appears, also, that the affidavit was made on the same day and signed by the party making it, and that both the affidavit and the order were written on the petition, the affidavit immediately preceding the order. The words "sworn to and subscribed before me," etc., are not followed by the signature of the judge. The order, which recites: " The foregoing petition and affidavit being considered," etc., is signed by the judge.

Held—That the non-appearance of the judge's signature to the *jurat* was a mere omission; that the signing of the order of injunction, which made special reference to the petition and affidavit, was one continuous act, and that the judge acted on the affidavit as having been made before him. 12 Rob. 132.

An injunction will not be set aside for informality or irregularity in issuing it, if it is manifest from the record that the plaintiff in injunction would be immediately entitled to another writ in case the one which had been granted, were dissolved. 12 An. 92; 18 An. 111; 21 An. 324.

APPEAL from the Seventh Judicial District, Parish of Pointe Coupée. *Miller*, J. *Samuel J. Powell*, for plaintiffs and appellees. *Collins & Leake*, for defendants and appellants.

TALIAFERRO, J. This is an injunction suit. Rudman, a judgment creditor of Lytle, seized under execution, as the property of Lytle, four hundred head of cattle, ten head of horses and a wagon. Lewis & Gist enjoined the sale of the property, alleging themselves to be the owners of it, and specially denied that Lytle had any right or title to, or interest in, any of the property seized. The plaintiff had judgment, and the defendant appealed.

The defendants moved to dissolve the injunction on two grounds: First, that there was no affidavit made as required by law; second, that the bond was insufficient. The objection to the affidavit is, that the *jurat* is not signed by an officer authorized to administer oaths. It appears that the order granting the injunction was rendered by the district judge of the proper district on the fourteenth of July, 1870. It appears, also, that the affidavit of one of the plaintiffs was made on the same day, and that both the affidavit and the order were written on the petition, the affidavit immediately preceding the order. The words " sworn to and subscribed before me," etc., are not followed by the name of any official. The order is signed by the judge, and it recites that "the foregoing petition and affidavit considered, it is ordered," etc. The affidavit is signed by Lewis, one of the plaintiffs in injunction. It is clear that the non-appearance of the judge's signature to the *jurat* was a mere omission. Both the affidavit and the order have the same date, and we regard the whole as a continuous act. A case nearly identical with the present came before this court in 1845. The objection there was that the judge had not signed the *jurat* of the affidavit made to obtain an attachment. The order and the unfinished *jurat* bore the same date. In that case Judge Bullard said : " The order recites that the judge had read the petition and documents annexed. He therefore acted on it as an affidavit sworn to before himself, and in signing the order containing that expression, by the strongest implication, certified that it had been sworn to before himself." See 12 Rob. 132. In that case the motion to dissolve was overruled, and we think the same ruling should be made in the present case.

A bill of exceptions was taken to the admission of the judge's testimony invoked by the plaintiffs to explain the omission. The objection is, that as the motion was to dissolve on the face of the papers, no evidence was admissible except as to the question of damages. It is unnecessary to pass upon this objection, as we consider the validity of the affidavit sufficiently established without extrinsic evidence.

On the second ground, that the bond is insufficient, we are not satisfied that the objections to it are tenable, but it is manifest that the plaintiffs would be entitled to renew their injunction, if the present writ were dissolved. We deem it proper to follow in this case the well established usage and reject the motion. 18 An. 111; 21 An. 324, and cases there cited.

### On the Merits.

We think the evidence establishes that Lytle was not a part owner of the property seized. He, it seems, superintended the driving of the stock from Texas, where it was purchased, to the Mississippi river,

near the mouth of Red river, whence it was the intention of the owners
to send them by steamboat to Tennessee. In the character of manager
or head drover, he had charge of the business of transporting the
cattle and horses, and it is shown that on several occasions, not, how-
ever, in presence of the owners, he spoke of the stock as being his
own. On one occasion, in New Orleans, some months previous to the
seizure, Lewis, in a casual conversation in presence of Lytle and
others, remarked that he and Lytle had a stock farm in Tennessee,
and that they were then on their way to Texas to purchase stock to
carry there. It is shown, we think satisfactorily, that Lytle's interest
in the adventure was contingent and remote, depending upon the ulti-
mate net profits of the enterprise which contemplated the fattening
and improving the animals for market after they reached Tennessee.
The operation might finally turn out advantageous, or, in the event of
losses and unforeseen casualties, it might prove abortive. There was
not, when the seizure was made, any appreciable right or interest of
Lytle in the stock that could make it the subject of seizure under
execution.

We can not regard the loose declarations which are proved to have
been made in respect to Lytle's having any interest in the property as
entitled to have serious consideration against the positive evidence to
the contrary. We think the defendants, by seizing imprudently the
property in question, have unfortunately, yet properly incurred the
penalty in damages which has been adjudged against them.

It is therefore ordered, adjudged and decreed that the judgment of
the district court be affirmed, with costs.