### (34 South. 597.)

### No. 14,785.

### COTTEN v. CHRISTEN.

#### (June 8, 1903.)

.APPEALABLE ORDER—DISSOLUTION OF INJUNCTION—TRESPASS—BOND.

##### On Motion to Dismiss Appeal.

1. It being unnecessary to determine whether the judgment dissolving the injunction sued out in the case is interlocutory in character or not, no decision on that point is made, but it is held that a judgment dissolving an injunction taken against acts of trespass on real property, even if interlocutory in character, is appealable. In contemplation of law the injury is irreparable.

2. An owner of an undivided half interest in timber lands has no right to cut the timber on the land without the consent of his co-owner, and if he attempt to do so, may be stopped by injunction, for the act is in the nature of a

trespass, and such injunction is not. one that may be dissolved on bond.

3. Nor is this affected by the fact that in his petition for injunction the claimant part owner may assert the land and the timber thereon to be of·such value—naming the amount. An allegation of value was necessary to determine the proper jurisdiction on appeal.

### On the Merits.

4. Unless the defect in proceedings for injunction be radical (as for instance where the judge failed to fix any amount for the injunction bond) an injunction will not be dissolved if it appear from the record there exists good cause for·injunction. This is a well-settled rule.

5. Where an injunction bond is made payable to the clerk of court instead of to the defendant in injunction, and a motion is made to dissolve on this ground, the trial court, satisfied that plaintiff would be immediately entitled to another order of injunction, should have regarded the defect in the bond rather as an informality than a radical defect, and made an order for a new bond to be given and new writs of injunction to be served, rather than have dissolved the injunction outright.

(Syllabus by the Court.)

Appeal from Twenty-Seventh Judicial District Court, Parish of Assumption; Paul Lêche, Judge.

Action by William M. Cotten, Jr., against John Christen. Judgment for defendant, and plaintiff appeals. Reversed.

Foster, Milling, Godchaux & Sanders and Marks & Wortham, for appellant. Guion & Guion, for appellee.

BLANCHARD, J. Plaintiff, averring himself to be the owner of an undivided half interest in and to certain timbered lands, and setting out his chain of title thereto, and alleging that the defendant was trespassing upon the lands by cutting timber therefrom, and that he had down a large quantity of cypress logs, cut from the land, and was about to remove the same, and that the principal value of the land consists in the cypress timber upon it, and the cutting of same would work him an irreparable injury, sued out a writ of injunction restraining defendant from the acts of trespass complained of, and from removing the logs which he had already cut.

His prayer was for perpetuation of the injunction, for judgment decreeing his ownership of an undivided half of the land and of a like interest in the timber that had been cut from it and was then floating in a lake near the land. He also prayed damages for the trespass committed and for attorney's fees.

In granting the order for injunction, the clerk of the court (acting in the absence of the Judge from the Parish) directed the plaintiff to give bond, with security in the sum of $100.00, "as the law directs."

The law directs an injunction bond to be given in favor of the defendant. Code Prac. art. 304.

The bond in question was made payable to the Clerk of the Court.

Defendant filed a motion to dissolve the injunction because. of this defect in the bond, and asked damages for attorney's fees in procuring the dissolution.

This motion prevailed; the injunction was dissolved; and defendant was awarded a judgment· against plaintiff for fifty dollars damages as attorney's fees.

· Plaintiff appeals, and in this Court defendant files a motion to dismiss the appeal on the ground that the judgment appealed from is an interlocutory order or decree, which does not work plaintiff an irreparable injury.

*Ruling*—The motion to dismiss is not well taken. Following the service of the writ upon him, defendant applied to the court to bond the injunction. He set up title in himself to the whole property and averred his long possession of it.

A consent judgment was entered up denying defendant's application to dissolve the injunction on bond, except as to the timber already cut and down. As to the timber cut and severed from the soil, fixed at 2,069 logs all told, defendant was permitted to bond the injunction in the sum of $3,000.00, and remove the logs.

Following this, the motion to dissolve the injunction because of the defective bond plaintiff had given was filed.

Plaintiff had alleged in his petition for the injunction that his interest in the land and timber was worth $2,500.00, and because of the valuation thus put upon it, defendant insists that the injury plaintiff apprehends is compensable in money and is, therefore, not irreparable, and if not irreparable, supposing it to be an interlocutory judgment, it cannot be appealed from.

Many decisions affirm the right of a plaintiff in injunction to appeal suspensively from an order or judgment dissolving the writ.

See State ex rel. Behan v. Judge, 32 La. Ann. 1276, and authorities there cited.

Conceding, for the argument, defendant's position to be correct, that the judgment here appealed from is interlocutory in character, what then? Irreparable injury is alleged and plaintiff's allegations, which are to be taken as true for the purpose of the trial of the motion to dissolve, make him an owner in indivision of the land and make defendant a trespasser.

A judgment dissolving an injunction taken against acts of trespass, even if interlocutory in character, is appealable. In contemplation of the law the injury is irreparable. Garland's Code of Practice, art. 566, and notes and authorities thereunder.

If plaintiff owns an undivided half interest in the land and defendant the other undivided half interest (and such we understand to be the contention of the plaintiff), the defendant has no right to cut the timber on the land without the consent of his co-owner, and if he attempt to do so, may be stopped by injunction, for the act is in the nature of a trespass, and such injunction is not one that may be dissolved on bond.

Nor is this affected by the fact that in his petition for injunction the claimant owner, or part owner, may assert the land and timber thereon to be of such value—naming the amount. An allegation of value was necessary to determine the proper jurisdiction on appeal. State ex rel. Hake v. Judge, 52 La. Ann. 105, 26 South. 769, and authorities there cited.

The motion to dismiss is denied.

#### On the Merits.

The law giving the right of resort to the writ of injunction requires of the applicant for the writ to give bond and security in favor of the defendant. Code Prac. art. 304.

A bond, therefore, given in favor of the Clerk of Court is not a compliance with the law.

But unless the defect pointed out be radical, it is well settled that an injunction will not be dissolved if it appear from the record there exists good cause for an injunction. Ward v. Douglass, Sheriff, 22 La. Ann. 463.

An instance of a radical defect is where there was failure on part of the judge to fix the amount, or any amount, for the injunc-tion bond. In such case, the injunction will not be saved by invocation of the rule referred to. Speyrer v. Miller, Constable, 108 La. 204, 210, 32 South. 524.

In Woolfolk v. Woolfolk, 22 La. Ann. 206, it was held:—"An injunction will not be dismissed on account of insufficient security if it appear that the party will be immediately entitled to the same remedy." In that case the trial judge permitted additional security to be given, rather than dissolve the injunction, and was sustained.

In Lewis & Gist v. Daniels, Sheriff, 23 La. Ann. 170, the grounds for asking dissolution of the injunction were there was no affidavit and the bond was insufficient. The objection to the affidavit was that the *jurat* was not signed by an officer authorized to administer oaths, though the affidavit, itself, was signed by the plaintiff in injunction. The trial court maintained the injunction and was sustained on appeal. See, also, Lafleur v. Mounton, 8 La. Ann. 489.

In V. S. & T. R. R. Co. v. Barksdale, 15 La. Ann. 465, the bond for injunction, instead of being made payable to the seizing creditor who was defendant in injunction, was made payable to the sheriff, his heirs and assigns. There was a motion to dissolve on this ground. This motion prevailed in the trial court to the extent only of an order being made that plaintiff in injunction should be allowed to give a new injunction bond. It appears a new bond was not given and subsequently the suit was dismissed on motion of plaintiff in injunction. Then it was that an action was brought on the old bond against the principal and surety, and recovery was had notwithstanding the bond had been made payable to the sheriff instead of to the defendant in injunction.

In Mason, Executor, v. Fuller, 12 La. Ann. 68, the injunction bond was left blank as to the amount for which it was given. The judge had fixed in his order the amount of the bond at $1,500.00. The principal and surety signed the bond, but through inadvertence the blank space for insertion of the amount fixed by the judge was not filled. On motion to dissolve on this ground the trial court thought the omission fatal. This Court on appeal thought otherwise and so held.

In the case at bar, the trial court, while holding properly that the injunction bond was

defective in having been made payable to the Clerk of the Court instead of to the defendant in injunction, should have regarded the same rather as an informality than a radical defect, and made an order for a new bond to be given and new writs of injunction to be served, throwing upon the plaintiff in injunction the costs of the defective proceedings.

It was apparent that plaintiff would, upon the showing of his petition, have been entitled immediately to another order of injunction, and this being so, the case, we think, comes within the rule announced in the decisions referred to.

It is, therefore, ordered that the judgment appealed from be avoided and reversed and that this cause be remanded for further proceedings according to the views herein expressed and the law—costs of appeal to be borne by defendant and appellee, those of the lower court in this behalf incurred to be borne by plaintiff and appellant.