(53 South. 887.)

No. 18,042.

HOUSTON RIVER CANAL CO., Limited, et al v. REID, Tax Collector, et al.

(Dec. 12, 1910.)

(Syllabus by Editorial Staff.)

1. PARISHES—RAILROAD TAX—PROCEEDINGS—CONSTRUCTION.

A petition for a tax in aid of a railroad prayed that it be levied for 10 years, beginning January 1, 1897, and become due from and after the completion of a certain railway. Annexed to the petition was a contract between the railroad company and the taxpayers' committee by which the latter agreed to levy and pay over to the railroad company the tax assessments for 10 years from January 1, 1897, on condition that the railroad company began construction of its railroad within six months after the promulgation of the ordinance levying the tax, and completed the line and had it in operation before December 31, 1898. An ordinance was passed for an election, and after a vote in favor of the tax another ordinance levied the tax, and provided that it should be collected from year to year, commencing with 1897, provided the railroad had constructed and was operating its line in accordance with its contract on or before December 31, 1898. The railroad was completed in December, 1898, and as it had not been completed in time for the tax to be collected for the years 1897 and 1898, no tax was collected for those years. It was collected in 1899 and every year thereafter up to and including 1907. Held that, under Acts 1894, No. 153, § 4, declaring that municipal authorities levying such a tax shall pass an ordinance levying the same for such time as may have been specified in the petition of the taxpayer, designating the year in which the taxes shall first be levied and collected, the proceedings did not authorize the levy and collection of a tax for 10 successive years from 1899, and that therefore there was no authority for the levy and collection of a tax after the year 1907.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 192.*]

2. PLEADING (§ 427*)—ISSUES—PROOF.

The admission of evidence outside the issues without objection has the effect of enlarging the pleadings, so as to include issues so raised.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1428–1432; Dec. Dig. § 427.*]

3. INJUNCTION (§ 163*)—DISSOLUTION—EVIDENCE.

An injunction will not be dissolved if the record shows that a good cause exists therefor, though the proof showing such cause, and re-

ceived without objection, was not within the issues.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 357–371; Dec. Dig. § 163.*]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

Taxpayer's suit by the Houston River Canal Company, Limited, and others against D. J. Reid, Tax Collector, and others to restrain the collection of a tax in 1908 voted in aid of the Kansas City, Shreveport & Gulf Railway Company. Judgment for defendants, and complainants appeal. Reversed.

Paul A. Sompayrac, Frank E. Powell, and Leon Sugar, for appellants. Cline, Cline & Bell and Alexander & Wilkinson, for appellee Fidelity Trust Co.

PROVOSTY, J. In January–March, 1896, under the provision of article 242 of the Constitution of 1879, and of Act 35 of 1886, as amended by Act 153 of 1894, the taxpayers of wards 3, 4, and 8 of the parish of Calcasieu voted a tax of 3½ mills in aid of the Kansas City, Shreveport & Gulf Railway Company.

The petition of the taxpayers to the police jury asking that the election be held recited that the tax should be "for a period of ten years beginning from January 1, 1897," and that it should "become due and collectible from and after the completion and operation of said railway from Lake Charles to Kansas City"; and the petition asked that the ballots to be used at the election read as follows:

"For (or against) special tax of three and a half mills in aid of the Kansas City, Shreveport & Gulf Railway Company, for the time and on the conditions set forth in the petition of property taxpayers."

There was annexed to, and made part of, this petition an agreement between a committee of citizens and the said railway company. In this contract the taxpayers agreed "to levy and collect and pay over to the said railway company a special tax of three and a half mills annually for a period of ten years from January 1, 1897, * * * to be collected and paid over from year to year as collected; provided that no portion of said tax shall be collected until completion and operation of said railway" from Lake Charles to Kansas City; and the railway company agreed to begin the construction of the railroad in question at Lake Charles, "within six months after the promulgation" of the ordinance levying the tax, and "to complete said line and have same in operation by or before December 31, 1898."

The police jury passed an ordinance ordering an election to take the sense of the property taxpayers on the subject of said tax. The said petition of the taxpayers, and the said agreement between the committee of citizens and the railway company, were incorporated in, and made part of, the said ordinance ordering the election; and the ordinance further provided that the ballots to be used at the election should be in the form prescribed in the petition of taxpayers.

After the election had been held, the police jury adopted an ordinance declaring the result, and levying the tax. This ordinance provided that "in accordance with the vote of the taxpayers * * * a special tax of three and a half mills is hereby levied * * * to be paid over as collected from year to year to the said railway company, subject to the stipulation and upon full compliance with the condition and provisions of the contract made between the citizens' committee, and the said railway company as set forth and embodied in the ordinance submitting the question of the levy of said tax to the taxpayers." And said ordinance further provided, as follows:

"That said tax shall be collected from year to year commencing with the year 1897; provided that the said railway shall have been constructed and operated in accordance with said contract * * * on or before December 31, 1898."

Act 153 of 1894, under the provisions of which said tax was thus levied, provides (section 4), that the municipal authorities levying such a tax "shall pass an ordinance levying it for such time as may have been specified in the petition of the taxpayers, and shall designate the year in which such taxes shall be first levied and collected."

The railroad was completed in December, 1898. As it had not been completed in time for the tax to be collected in the years 1897 and 1898, the tax was not collected in these years. It was collected in the year 1899, and every year thereafter up to and including 1907.

In the present suit, the taxpayers enjoin its collection in the year 1908, on the ground that the term of 10 years for which it was levied began in 1897 and ended in 1907, and that, consequently it had not been levied for the year 1908.

On the side of the plaintiff, the argument is that at every step of the proceedings for the levy of the tax, namely, in the contract between the citizens' committee and the railway company, in the petition of the taxpayers, in the ordinance calling the election, in the ballots used at the election, and, finally, in the ordinance levying the tax, the 10-year period for which said tax was levied was to begin on the 1st of January 1897.

On the side of the railway company the argument is that the intention unquestionably was that the railway company should have the tax for 10 years, and not merely for 8 years, in case it complied with its contract to complete the railroad and have it in operation before the end of December, 1898; and that the railroad was completed within the time thus agreed upon; and that, inasmuch as the tax could not be collected in the years 1897 and 1898, because of the railroad not having been then completed, the 10-year term necessarily began in 1899 and therefore includes the year 1908.

This view of the matter appears to be fair and highly reasonable, and would commend itself to us, were we dealing with an ordinary contract; but, while the matter contains some elements of contract, the main, if not the sole, foundation of the rights of the defendant railway to demand the tax, and of the obligation of the taxpayers to pay it, must be sought for in the constitutional and statutory provisions authorizing the imposition of the tax, and these required that the ordinance levying the tax should "designate the year in which such taxes shall first be levied and collected"; and, accordingly, the ordinance levying the tax provided that the tax "shall be collected commencing with the year 1897."

After this, we do not see that there is much room for discussion.

But defendants contend that this provision of the ordinance, when read in connection with what follows it, namely, that the railroad is to have until December, 1898, to earn the tax, and that the tax is not to be collectible until it shall have been earned, really means that the 10-year period shall begin when the tax shall have been earned by the completion of the railroad.

Granting, argumenti gratia, that if, standing by itself, this ordinance would be susceptible of that interpretation, we think that, when read in connection with the petition of taxpayers, as well as in connection with the contract between the committee of taxpayers and the railway company—as must be done, since all these documents form but one connected whole, the ordinance simply carrying out the will of the taxpayers as expressed in their ballots—the clear and unmistakable meaning is that which is explicitly expressed in the said documents, namely, "said tax shall be collected commencing with the year 1897."

Besides, nothing is better settled than that, in cases of this kind, the municipal officers,

in levying the tax, must conform with the terms of the power conferred by the election; 20 A. & E. E. 1114; that they cannot levy a greater tax, or for a longer term, or for a different term, than as expressly authorized by the vote of the taxpayers; and, most unquestionably, in the present case, the taxpayers fixed January 1, 1897, for the beginning of the term for which the tax was voted. Therefore, even if the ordinance had expressly levied the tax for a term beginning January 1, 1899, the situation would not be changed, since the municipal authorities would have been utterly without authority to levy for any other term than that voted for.

In answer to this, the defendants contend that even if it were true that the ordinance, in levying the tax, went beyond the term fixed by the vote of the taxpayers, and was in that respect illegal, such illegality cannot be declared in the present suit, because that issue is not raised by the petition, the sole issue raised by the petition being as to whether or not the tax was, in point of fact, levied for the year 1908.

We will not stop to inquire whether the scope of the petition can be thus restricted; since, in the first place, the admission in evidence of all the documents without objection has had the effect of enlarging the pleadings (Bell v. Globe Lumber Co., 107 La. 733, 31 South. 994); and since, in the second place, an injunction will not be dissolved if the record shows there exists good cause for injunction. Speyrer v. Miller, 108 La. 204, 32 South. 524, 61 L. R. A. 781; Cotten v. Christen, 110 La. 444, 34 South. 597.

Defendants finally contend that having paid this tax in 1907 without protest, and thereby put upon the ordinance the interpretation now contended for by defendants, the plaintiffs are estopped from now contending for a different interpretation.

Perhaps, if the transfer and assignment of its rights which the defendant railway company shows it has made to its codefendant, the Fidelity Trust Company, were shown to have been made subsequent to the payment of the tax of 1907, there might be some ground of estoppel, albeit shadowy; but in the absence of such a showing, the contention can hardly be serious.

The learned trial judge was largely influenced in his judgment by the following dictum of this court in the case of Bradley-Ramsay Lumber Co. v. Pérkins, Tax Coll., 109 La. 317, 33 South. 351, to wit:

"As the obligations assumed by the [railway] company had not been complied with in 1897, and it is not asserted that they were complied with before December 16, 1898, the ordinance, by its terms, levied no tax for those years."

But that expression must be read in connection with the issues of that case, which were as to the legality of the tax, and not, as here, as to what was the initial point of the 10-year term for which the tax was levied.

The judgment appealed from is set aside, and the injunction herein is reinstated and perpetuated. Defendants to pay all costs.