KNOLL, Justice,
dissenting.
liThe majority concludes a co-owner of timberland cannot be liable to his fellow co-owners for treble damages under La. Rev.Stat. 3:4278.1 when he cuts and sells timber without his co-owner’s consent. Finding this conclusion neither comports with the clear and unambiguous language of the punitive “timber piracy” provision nor furthers the explicit intent of the Leg *711 islature in its enactment, I respectfully dissent for the following reasons.
As the majority correctly stated, La. R.S. 8:4278.1 renders unlawful the cutting or selling by any person of trees growing on the land of another without the consent of the owner and contains hefty penalties for any, who engage in such trespass:
A. It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract or agreement.
B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, plus reasonable attorney’s fees.
C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, if circumstances prove that the violator should have been aware that his actions were without the consent or direction of the owner or legal possessor of the trees.
LContrary to the majority’s holding, however, nothing in the provision prevents its application to a co-owner nor restricts its application to third parties. Rather, the majority’s third-party restriction will be a jurisprudentially-created requirement of the statute, which far exceeds our function as interpreters of the law as written.
A proper interpretation of the provision demonstrates that, by its plain language, any person who intentionally or willfully cuts any tree growing on the land of another without the owner’s consent shall be liable to the owner for treble damages, and co-owned land is, by definition, land owned by one co-owner with another. It logically follows, therefore, because co-owned land is both the land of the co-owner and that of another, a co-owner — “any person” — is liable in triplicate for his bad faith if he cuts any trees growing on the land owned in indivisión — “land of another” — without the consent of his co-owners — “the owner.” Significantly, unlike the majority’s position, this interpretation comports with long-established jurisprudence from this Court holding a co-owner “has no right to cut the timber on the land without the consent of his co-owner ... for the act is in the nature of a trespass.” Cotten v. Christen, 110 La. 444, 447, 34 So. 597, 598 (1903).[1]
More importantly, our Legislature’s clear intent in using broad lanyuaye in its enactment of these provisions was to combat and deter timber piracy, which discourages reforestation and other good forest management practices. In furtherance of this objective, the Legislature intention *712 ally drafted the provisions of La. R.S. 3:4278.1 broadly to extend to “any person,” who cuts or removes trees without the |3consent of the owner. No one disputes tree piracy is a serious concern in this State in which remote tracts of timberland and absentee co-owners abound, and in accordance with the Legislature’s intent, this statute has operated as a protection for said landowners and as a clear deterrent due to its severe penalties. The majority opinion, however, seriously erodes the protections provided by the statute by exempting co-owners, who willfully and intentionally engage in timber piracy, from the severe penalties. In reality, the majority’s opinion actually endangers Louisiana’s forests by discouraging reforestation as landowners will be reluctant to reforest trees, knowing their valuable forests are exposed to an increased risk of piracy from their very own co-owners. Even more alarming is its promotion of what can only be described as a “catch me if you can” policy, which would allow a timber pirate, owning as little as a one percent undivided interest, to cut co-owned timber and, if caught, only pay the pro rata share owned by his co-owners. Consequently, the majority essentially thwarts the noble intent of the Legislature to preserve our valuable timber resources by insulating from a substantial and deterring penalty any person, who flagrantly disregards the property rights of their timber co-owners.
Mr. Sullivan unquestionably is one such co-owner, who flagrantly disregarded his co-owner’s property rights. As the evidence adduced at trial shows, Mr. Sullivan was not acting in good faith when he arranged to cut, stack, and sell the timber from the community property. Not only did he have record notice he was not to sell the immovable property by virtue of lis pendens notices filed in Claiborne Parish, he had actual notice from the divorce judgment that he was enjoined from alienating any of the community property. Moreover, any contention the harvesting was a salvage operation necessitated by ice storms that damaged the area was properly negated by evidence the first timber was delivered to the mill before the ice storm occurred, Lchecks were issued to Mr. Sullivan’s girlfriend, and mill tickets showed the timber was not damaged. This evidence supports the conclusion Mr. Sullivan not only willfully and intentionally sold timber, which did not belong to him, but also had no intention of paying his former wife and co-owner in indivisión for her share of the timber he took. Unquestionably, he acted in blatant disregard of his former wife’s ownership interest for his own gain. His conduct, therefore, constitutes the very activity the Legislature sought to curtail through the enactment of its punitive “timber piracy” provisions, and it simply defies logic and the explicit intent of the Legislature to find those provisions inapplicable to the situation herein.
Significantly, the Legislature created this specific statute to govern timber piracy, and it is well established specific provisions prevail over more general provisions. Kennedy v. Kennedy, 699 So.2d 351 (La.1996)(holding statute “specifically directed to timberland ... must be treated as an exception to the general [codal] rules”). It further follows that, given the clear applicability of these special provisions governing timber piracy and the rights of timber owners, the majority’s reliance on the general provisions of our Civil Code governing ownership in indivi-sión is misplaced. In accord with our civilian tradition, those provisions only apply in default in absence of special provisions specifically direct to the issue at hand. In this case, the penalty for Mr. Sullivan’s timber piracy is governed by the specific *713 punitive provisions contained in La. R.S. 3:4278.1, and not our general codal provisions.
Accordingly, I find under the clear and unambiguous provisions of La. R.S. 3:4278.1(A) and (B), Mrs. Sullivan was entitled to treble damages and attorney’s fees for Mr. Sullivan’s nefarious pirating of her timber.

. Further credence for my position is found in La. R.S. 3:4278.2's explicit reference and application to "co-owners.” See Attain v. Martco Partnership, 02-1796 (La.5/23/03), 851 So.2d 974. Moreover, I ardently agree with the Third Circuit’s statement "the provisions of La. R.S. 3:4278.2 does not appear to exist in order to exempt a co-owner from the necessity of paying treble damages for timber trespass. Rather, those provisions [by their clear and unambiguous language] impose penalties on those buyers who cut timber without having obtained the consent of 80% of the co-owners.” Prewitt v. Rodrigues, 04-1195, p. 10 (La.App. 3 Cir. 2/2/05), 893 So.2d 927, 934.