Porter, J.

In this case, no answer being put in, judgment by default was taken, and a jury being called to assess the damages, the judge charged them; "that they ought to find for the defendant, inasmuch as the plaintiff did not prove any special damage, that although the defendant had not complied with the contract, yet, the jury ought to find for him, as no damages had been proved to have been sustained by the plaintiff." The case comes up on a bill of exceptions, to this opinion, the jury having found for the defendant.

The plaintiff having alleged a contract of lease, non-performance by defendant, and damages in consequence thereof; his not answering these allegations, was, in my opinion, an admission of them. 2 Martin, Dig. 152, Curia Philipica, Contestacion, no. 2. And I think the judge below erred, when, notwithstanding this admission, he charged the jury that they ought to find for the defendant. If no damages had been proved, other than these admitted by the pleadings, a nominal sum should have *460 been given. But to instruct the jury to find none, is to instruct them to find contrary to what appears on the record.
I am therefore of opinion, that the judgment of the district court, be annulled, avoided and reversed, and that this case be remanded for an assessment of damages, with directions to the judge not to charge the jury, that they ought to find for the defendant, because special damage was not proved; and not to charge them, that although the defendant had not complied with the contract, there should be a verdict for him, as no damage had been proved to have been sustained, and that the defendant and appellee pay the costs of this appeal.