No. 1964.—STATE OF LOUISIANA, ex rel. of W. & H. STACKHOUSE, *v.* THE JUDGE OF THE FIFTH DISTRICT COURT FOR THE PARISH OF ORLEANS.

An appeal will be from a judgment dissolving an injunction taken out against an order of seizure and sale. The amount of the appeal bond to entitle the plaintiff in injunction to a suspen-sive appeal is one-half over and above the amount of the judgment dissolving the injunction.

A suspensive appeal from a judgment dissolving an injunction against an order of seizure and sale will suspend the execution of the order until the judgment is affirmed by the Supreme Court.

After a suspensive appeal has been granted and the bond is signed and filed the Judge of the court *a qua* has no jurisdiction of the cause further than to ascertain that the security is good and solvent.

APPLICATION for a writ of prohibition. *Judge Leaumont,* in per-sonam. *Roselius* and *Philips,* for relators.

State of Louisiana, ex rel. of W. & H. Stackhouse, v. The Judge of the Fifth District Court for the Parish of Orleans.

HOWELL, J. The relators allege that on the thirty-first January, 1867, James E. Zunts obtained an order of seizure and sale on two notes for $25,000 each, with six per cent. interest from February 1, 1864, to February 1, 1866, the date of their maturity, and eight per cent. thereafter, and secured by mortgage on a plantation in the parish of Plaquemines; that on petition they obtained an injunction upon giving bond with security for $7000; that Zunts filed an answer to said petition, praying for the dissolution of the injunction with costs and for the maximum damages, interest and attorney's fees against petitioners and their sureties *in solido;* that on the trial of said suit judgment was rendered against petitioners, dissolving the injunction and condemning them to pay twelve per cent. damages and eight per cent. interest on the amount of the judgment enjoined, together with costs of suit, which damages and interest amount to $13,300 ; that within ten days they applied for and obtained a suspensive appeal from the same, on giving bond and security in such sum, and conditioned as the law directs; that they furnished a bond with good security for $25,000, being more than one-half over and above the judgment rendered against them ; that afterward said Zunts took a rule on them to show cause why said suspensive appeal should not be set aside and execution issue, on the grounds that the surety on the appeal bond was not good and solvent, and said bond not sufficient in amount for a suspensive appeal, which rule was made absolute and the appeal dismissed on the second ground ; and that said Zunts is about to execute his order of seizure and sale and the judgment for damages, and they pray for a writ of prohibition commanding the Judge of the Fifth District Court for the parish of Orleans not to proceed any further in said suit, and to allow the transcript of appeal to be sent up, the same as if the order of dismissal had not been rendered.

To this the Judge answers, in substance, that the appellants failed to give an appeal bond, as the law directs, for a sum exceeding by one-half the amount of the judgment debt, interest and costs under article 575 C. P.; that the bond on which the injunction issued, not being authorized by law, is no protection to the plaintiff in the seizure and sale, and to have said writ suspended during an appeal from the judgment in the injunction suit, a bond for a sum exceeding by one-half the amount so enjoined and the damages, interest and costs also, is necessary; that executory process can be enjoined only for the causes prescribed in art. 739 C. P., in which no bond can be required, and that the cause or ground for the injunction in this case being fraud and other unlawful means, no bond should have been required, and consequently the surety on said bond could not be made liable; that it is only in cases where a party is bound by law to give an injunction bond that he can obtain a suspensive appeal from a judgment dissolving the injunction without giving security for the debt enjoined; that art. 575 C. P., making no distinction as to the amount of the bond for a suspensive appeal, the court can make none, and he refers to the case of the State *v.* the Judge of Third District, 18 L. 444, as authority.

State of Louisiana, ex rel. of W. & H. Stackhouse, v. The Judge of the Fifth District Court for the Parish of Orleans.

The merits of the injunction suit cannot be inquired into in this proceeding, and hence it is unnecessary to determine whether or not the causes set out in the petition for injunction are such as article 739 C. P. authorizes. The only question is, whether or not the relators are entitled to a suspensive appeal on the bond furnished by them, and here it is pertinent to inquire from what judgment the appeal is taken. Certainly not from the order of seizure and sale. It is only from the judgment rendered in the injunction suit. This judgment dissolves the injunction and condemns the relators, plaintiffs in injunction to pay $13,300 and costs, and for a suspensive appeal therefrom a bond for an amount exceeding by one-half such sum is, by art. 575 C. P., sufficient if taken in time. This is the only and legal inference from the terms of the order of the Judge granting the appeal. The relators and appellants have complied with said order. Whether or not this appeal suspends the executory process depends alone upon the question whether or not it was suspended by the injunction; for if it was suspended by that writ it remains legally suspended until the judgment dissolving the injunction becomes final, and by law said judgment does not become final until affirmed on appeal duly and properly taken. That the executory process was suspended by the writ of injunction is not denied. The proceedings thereon by the plaintiff in the seizure and sale admit and confirm this. The sale is arrested by the injunction and the appeal maintains the case in *statu quo* until the judgment dissolving the injunction can be reviewed by the appellate court. On the appeal what judgment can be rendered against the appellants? Not one for the debt enjoined, but at most one affirming that appealed from with, possibly, increased damages and costs. The injury caused by the delay is covered by the judgment for damages, which is secured by the appeal bond. The debt enjoined is secured by the property under seizure or mortgage.

We do not deem this the occasion to pass on the necessity and validity of the injunction bond or the liability of the surety thereon; but we consider it proper to state that the reasoning in the case in 18 L. 444 does not satisfy us that a bond for the mortgage debt and the damages is necessary for a suspensive appeal in an injunction issued without bond under arts. 739 and 740 C. P. The authority of that case is greatly weakened by the reasoning in the one of the State v. The Judge of the First District, 19 L. 167, which we believe to be more consonant with the principles of law relating to the question before us. We know of no law which requires such a bond. The plaintiff in injunction in either case is entitled to the protection of the court so long as the matter in controversy is undetermined. And besides, it is well settled that after a suspensive appeal is once granted and the bond is signed accordingly, the Judge of the first instance has no jurisdiction of the cause further than to ascertain that the surety is good and solvent. 19 L. 173, 178, and cases there cited.

State of Louisiana, ex rel. of W. & H. Stackhouse, v. The Judge of the Fifth District Court for the Parish of Orleans.

Our conclusion is that the appeal taken by the relators is suspensive and that they are entitled to the writ applied for in this proceeding in order to have the merits of their injunction examined in this court.

It is therefore ordered that the prohibition issued herein be made perpetual, and the Judge of the Fifth District Court for the parish of Orleans ordered not to proceed any further in the suit of W. & H. Stackhouse v. James E. Zunts, No. 18,850, on the docket of this court, and to allow the transcript of the record thereof to be sent to the Supreme Court as if the order dismissing the suspensive appeal had not been rendered.