## No. 5219.

STATE ex rel. VAN NORDEN *v.* THE JUDGE OF THE SUPERIOR DISTRICT COURT.

On the trial of a rule, contradictorily with the parties in interest, to show cause why a writ of injunction should not be granted to restrain a sale as prayed for by relator, the judge *a quo* rendered an interlocutory order refusing the injunction and declined to grant an appeal from said order. In this the judge erred.

The order complained of was certainly an interlocutory order working the relator an irreparable injury. His property was about to be sold for the debt of another; he was entitled to an injunction to protect his right of property, having made affidavit and tendered bond according to law. These sworn averments must be taken as true for the purposes of this inquiry. The relator has the right to have the judgment revised. Upon examining the evidence this court may find that the judge erred, and that an injunction should issue.

The right of appeal is a constitutional right, and it should be jealously guarded by this court.

APPLICATION for a writ of mandamus directed to *J. Hawkins,* Judge of the Superior District Court, parish of Orleans. *Lacey & Butler, Rice & Whitaker, William H. Hunt,* for relator. Respondent, *in propria persona.*

WYLY, J. The State having seized, under its judgment against the Mississippi and Mexican Gulf Ship Canal Company, certain property, the relator filed a third opposition on the ground that he is the owner thereof, and making the affidavit and tendering bond according to law, he prayed for a writ of injunction to restrain the sale. The court granted a rule to show cause, and at the trial thereof, contradictorily with the parties in interest, rendered an interlocutory order refusing the injunction. The relator sought to appeal but the court refused him this right, whereupon he instituted this mandamus proceeding.

The order complained of was certainly an interlocutory order working the relator an irreparable injury. His property was about to be

sold for the debt of another. He was entitled to an injunction to protect his right of property, having made affidavit and tendered bond according to law. These sworn averments must be taken as true for the purposes of this inquiry.

It is contended, however, that after hearing the parties the judge has decided the relator is not entitled to the writ. That judgment the relator has the right to have revised. Upon examining the evidence we may find that the judge erred and that an injunction should issue. The right of appeal is a constitutional right and it should be. jealously guarded by the court.

It is therefore ordered that the mandamus herein be made peremptory.