*No. 7943.

STATE OF LOUISIANA EX REL. W. J. BEHAN VS. JUDGE SIXTH DISTRICT COURT.

A provisional Injunction having been granted by the lower court to prevent the execution of a judgment for money, and, on the Rule *nisi*, such provisional Injunction being dissolved, a suspensive Appeal will lie from the dissolving order and will stay the execution of the judgment for money.

APPLICATION for Writ of Prohibition.

Jos. P. Horner and F. W. Baker for Relator.
E. Howard McCaleb for Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The relator charges that a writ of execution having issued for the satisfaction of a money judgment against himself and others, he applied to the judge of the Sixth District Court for the parish of Orleans for an injunction, on the ground that said judgment had been satisfied; that the judge granted a provisional injunction, which he afterwards dissolved; that he, the relator, applied for and obtained a *suspensive* appeal from the dissolving order, perfected it by giving a proper bond and filing the transcript of appeal in this Court; that notwithstanding such suspensive appeal, the plaintiff in the case, with the usurped authority of said court, is about proceeding to execute said

<hr>

¹ This case was originally filed at New Orleans and decided at Opelousas.

money judgment against relator, and that a writ of prohibition is necessary for the protection of his rights in the premises.

A rule having issued on the plaintiff in execution and on the judge of the District Court to show cause why the relief asked should not be granted, and, the execution of said judgment having been temporarily stayed by this Court, the judge, in an elaborate answer, returns that he properly dissolved the preliminary injunction granted by him, and that the appeal taken from his refusal to allow the injunction applied for has not the effect of suspending the execution sought to be arrested.

The question presented is, therefore: Does such a suspensive appeal arrest *that* execution?

Whatever may be our views on the propriety of the provisional injunction issued by the judge of the lower court, we are not called upon, and are not authorized, in this proceeding, to express them. It will be time enough to do so when the case shall come before us for review.

The provisional injunction granted is what is termed a " restraining order." In 29 A. 57, 795, this Court had occasion to say that such a proceeding was unknown to our law, and that it was the duty of the judge, on application for injunctions, to grant or to refuse the relief sought, according as the face of papers warrants or not the relief.

In the case now before this Court, it appears that the District Judge issued a rule *nisi*, on the defendants in the application, to show cause why the injunction asked should not be granted, and made an order suspending provisionally the execution complained of. The effect of that order was to arrest actually, as it did, the execution of the writ of *fi. fa.* Subsequently, on the return day of the rule *nisi*, the judge rendered a decree rescinding the order for a provisional injunction made by him, and refusing the injunction asked by the relator. From *that decree* the applicant took and perfected a *suspensive* appeal, and filed the transcript seasonably in the office of the clerk of this Court.

It is settled beyond peradventure, that from the dissolution of an injunction a suspensive appeal will lie. 26 A. 550; 28 A. 902, 904; 31 A. 850; 29 A. 795; 19 L. 172; 21 A. 153; 30 A. 315; 7 M. 459.

The character of the injunction is immaterial. It is sufficient that one was issued and was subsequently dissolved. This is not a case of dissolution of an injunction on giving a bond to indemnify whom it concerned, in case of a wrongful issuance. It is enough that the plaintiff complains that the dissolution of the injunction will work him an irreparable injury, and that the facts alleged justify such conclusion.

This Court has held that the *refusal* of a judge to allow an injunction can be the object of a suspensive appeal. See cases already cited.

*A fortiori* is an applicant entitled to a *suspensive* appeal where an injunction of any description is granted and is afterwards *dissolved*.

82

The suspensive appeal, taken from the rescinding order, leaves the case in the condition in which it stood after the provisional injunction was granted and before it was dissolved.   19 L. 172.

It is established beyond dispute, that after a suspension has been *properly* granted and is perfected the lower court ceases to have any further jurisdiction over the matter in dispute.   The case, by such appeal, remains in the state in which it would be if never decided.   21 A. 153 ; 19 L. 173, 178.

Under the exceptional features of this case, we feel that we are authorized to grant the relief sought in aid of our appellate jurisdiction.

It is, therefore, ordered, adjudged and decreed that a peremptory writ of prohibition issue herein as prayed for, and that plaintiff in execucution pay the costs hereof.