NIOHOLLS, J.
In his application herein relator averred that he was duly appointed on the 29th day of June, 1905, as a member of the board of health of the corporation municipality of New Iberia; that he was duly commissioned and sworn as such on the 1st day of July, 1905, together with Dr. Adolph Kock and Charles Gougenheim and Victor Aubry, all of whom had been duly appointed and qualified as members of said board of health by the city council elected for the city of New Iberia on June 5, 1905; that at the first meeting of the said board of health appointed as aforesaid relator was duly elected chairman of said board and at once entered upon the discharge of his duties thereof; that on the 22d day of July, 1905, Dr. J. W. ganders, who pretended to have been appointed chairman of the board of health on January 10, 1905, but who had never been commissioned and qualified as either a member or chairman of the said board of health, swore to and obtained a writ of injunction from the judge of the Nineteenth judicial district court, forbidding and restraining relator from exercising and performing the duties of his office — a certified copy of this said proceeding being hereto attached for reference, together with the commissions and oaths of the said board of health of whom relator was chairman, and also a copy of the minutes whereby relator was appointed a member of the board of health by the said council.
Relator showed that the issuance and enforcement of the said injunction was wrongful and illegal, and should not issue and be enforced against an officer of a municipal corporation, all of which relator claimed to be as was shown by the annexed documents, and that the district court had no jurisdiction in the first instance against the officers, ordinances, appointments, and provisions of a municipal corporation while in the exercise of its legal functions, and had only a supervisory jurisdiction imposing upon acts and ordinances performed by municipal corporations and their officers. The relator excepted to the jurisdiction of the district court for these said reasons, and the exception was overruled, and relator forced to trial, and the injunction perpetuated, regardless of the relator objecting to trial at such an early date, and despite the fact that relator notified the court that he had applied for a writ of prohibition in the premises, and the showing made to the court that he was not prepared for trial, as the case was only three days old from its institution.
Relator showed that, while he was the regularly, legally, and truly elected officer, nevertheless his hands were tied by the injunction, and he was unable to perform the duties of his office or to collect the emoluments thereof, because the pretended incumbent had secured an injunction against relator, wherein he claimed to be in the occupancy of the office. He showed that, while the district court confirmed the injunction, it refused to pass upon the right of either party to the office, and that this was one of the grounds for relator’s exception as to the jurisdiction which was filed in the district court, all of which would be shown more fully by certified copies of the proceedings had herein before the district court, together with *310 the minutes of the court, showing what the oral decree of this court was, as it had been given to the clerk of the court in open court.
Relator averred that to permit the mandates of the said injunction to continue in force was to deprive him of his office to which he was duly elected, to defeat the intent of the city council, to maintain in office one who had no shadow of right or title to the office, and to permit him to draw and convert to his own use money to which he had no right and for which he was not sufficiently founded financially to make it possible to ever recover it from him, and all because the district judge usurped the functions and rights of the city council, and issued an injunction against a duly elected city officer at the behest of one who had no right whatever thereto, and whose only claim thereto was that he claimed the office and secured an injunction against the respondent on the ground that he was being disturbed in the exercise of the duties of said office, which he claimed, and the district court ruled that, while it had jurisdiction to enjoin relator from disturbing him in the possession thereof, yet it could not aid relator by passing upon the question of the rightful ownership, thus estopping relator and forbidding him to perform the duties incumbent upon him for several months. The city council of New Iberia had the sole right to elect its board of health. Thus it was the sole and only one to say whom it had so elected as members of said board. Therefore no court of the parish or state could pass legally upon the question of whom it had so elected, and the district court • had not the jurisdiction, ratione materise, to enjoin any one from fulfilling the duties of his office under the municipal government; that no person had the right to apply to and secure an injunction against an officer under a municipal government from any court, but the council itself.
That the council, through its mayor, was the only one that had the right to enjoin one of its officers and prohibit them from doing the duties of the office to which they had been elected. That the district court had only an appellate jurisdiction from acts of municipal jurisdiction. That to permit the arresting by injunction and thus prohibiting officers from performing their duties as officers of the municipalities would have the effect, as in this instance, of stopping all acts of municipal government. That in the present instance relator was enjoined and prohibited from performing the duties of chairman of the board of health for New Iberia at a time while the yellow fever was raging in the city of New Orleans, and all other points were quarantined while relator was unable to aet for this municipality. Relator showed that it was necessary that a writ of prohibition issue herein against the Nineteenth judicial district judge, forbidding that mandates of said injunction be enforced, and dissolving tlie writ pending the decision of the finality of this writ of prohibition.
In view of the premises respondent prayed that a writ of prohibition issue herein from your honorable court, directed to the judge of the Nineteenth judicial district court, ordering and forbidding that there be further proceedings in the matter of the injunction, and temporarily dissolving same pending a hearing, and that a writ of prohibition be made final and absolute, and respondent recognized as chairman of the board of health of New Iberia, and the writ of injunction dissolved finally, all at the costs of the respondent. And relator prayed for all further and necessary orders and for general relief.
The district judge, having been ordered, to show cause why the application should not be granted and the writ prayed for issued, answered that relator was not entitled to the writ for the various facts and reasons set out as follows r
Dr. J. Wofford Sanders filed a petition on July 22d praying for an injunction restrain *311 ing and prohibiting Dr. Wm. J. Emmer from assuming to perform any of the functions, duties, or rights of the petitioner as chairman of the board of health and health officer of the city of New Iberia, and restraining him from collecting any of the fees, dues, and emoluments of said office pending the determination judicially of the issue as to the right to the office. This prayer was based upon allegations setting forth that Dr. Sanders had been duly elected and qualified as chairman of the board of health of the city of New Iberia, and as such the health officer ; that he had been appointed a member of the board of health by the city council, and his election as president of said board and health officer was on the 10th day of January, A. D. 1905, for a period of four years.
He averred that under said appointment and election he immediately took possession of the office, performed the duties and drew its emoluments fixed at $480 per year and this without opposition, until Dr. Emmer, without legal right or pretension, assumed to perform the functions of this office, thus invading the rights and prerogatives of the petitioner. He set forth the proper allegations for a writ of injunction in a matter within the court’s jurisdiction and the writ issued.
The defendants voluntarily filed an exception two days after the writ issued, to wit, on July 24th. This was overruled.
On the morning of the 26th, the defendant voluntarily filed an answer, and the counsel for plaintiff agreed to try the case at once; that being done within the knowledge of respondent.
The case being one of great public interest because of the appearance of yellow fever, the mayor of the city called on respondent and asked an immediate hearing. The fact of this request was conveyed to the counsel for Dr. Emmer, and he agreed to try the ease having previously stated that he wanted an early trial, as was also shown by the early filing of his pleadings, and by consent in open court the case was fixed instanter for trial, the court fixing 11 o’clock a. m. as the hour.
When the case was called for trial at that hour the counsel for the defendant announced for the first time that he was not ready for trial. He stated that he would be ready for trial at 2 o’clock of that day. That extension was accorded him. At that hour (2 o’clock) counsel again appeared, stating that he was not ready, and after discussion he was granted a delay until 4 o’clock, and when that arrived counsel again stated he could not go to trial, but gave no reason which appealed to the court’s discretion for a further delay, and he was required to make the showing. The affidavit filed (and in the record) did not justify the continuance; but, that the defendant might not suffer, the court exercised its discretion and reassigned the cause for the next day.
It was then taken up, tried, and decided. The court received no notice of any writ of prohibition, save to the extent that counsel for defendant stated to the court, when ordered to go to trial, that he intended to apply to the Supreme Court for such a writ.
Respondent showed that the writ of injunction issued upon the allegations of the petition, showing Dr. Sanders to be in the actual possession of an office to which he claimed to have been elected, and showing him to be the de facto officer; respondent being guided by the authority set forth in the case of Guillotte v. Poincy, reported in 41 La. Ann. 333, 6 South. 507, 5 L. R. A. 403.
Respondent averred that the trial of the cause substantiated the allegations of the plaintiff’s petition and the judgment perpetuating the writ of injunction against Dr. W. J. Emmer until such time as his right to the office will have been judicially determined had been rendered before the rule to show cause issued against respondent upon the application to your honors for a writ of prohibition.
All of this, together with the discussion of *312 the legal proposition involved, is respectfully submitted for consideration by your honors and for such orders as might be deemed proper in the premises.
The judge annexed to his answer certified copy of all the proceedings and record in his court in the matters referred to.
The only writ asked for by relator was one for a prohibition. The answer of the district judge discloses that the allegations of the petition of Dr. W. J. Sanders for an injunction, which injunction issued, were such as to confer upon him jurisdiction to order it as announced in several decisions of this court, notably in the case of Guillotte v. Poincy, 41 La. Ann. 333, 6 South. 507, 5 L. R. A. 403, and Wheeler v. Fire Commissioners, 46 La. Ann. 735, 15 South. 179. The fact that relator was elected by a municipal council, instead of being appointed by the Governor or other authority, has no influence upon the question of the jurisdiction of the district judge.
The case, after an exception which had been filed by relator after the writ of injunction had issued was overruled, was tried by consent on the answer of relator and decided adversely to the claims of relator. It was only after matters had reached that point that the application for prohibition was made. No certiorari was asked for, and no showing made upon which one could have issued, had it been applied for. Relator had mistaken his remedy.
It is hereby ordered that the orders heretofore granted herein be set aside, and that relator’s application be dismissed, with costs.