PROVOSTX, J.
In the exercise of power apparently conferred upon him by a statute, the Governor removed from office the members of the school board of the parish of De Soto, and appointed a new board. The new board qualified by taking the oath of office, and “were in the act of assembling and en *883 tering upon the discharge of the duties of said office,” when the old board sued out an injunction. This was upon the authority of the cases of Guillotte v. Poincy, 41 La. Ann. 333, 6 South. 507, 5 L. R. A. 403, Goldman v. Gillespie, 43 La. Ann. 83, 8 South. 880, Wheeler v. Board of Com’rs, 46 La. Ann. 731, 15 South. 179, and Sanders v. Emmer, 115 La. 590, 39 South. 631, where this court held that the incumbent of an office who is unwilling to surrender possession cannot be dispossessed by the exercise of the power of removal and the appointment of a successor, but only 'by an intrusion into office suit, and may, when sought to be dispossessed in the former mode, protect his possession by an injunction. ’The new board made an ex parte application to the judge to set aside the injunction .as having been issued without authority, and upon his refusal to entertain the application, unless it was regularly filed and set for a hearing, they applied to this court to vacate the said order for injunction, and obtained from this court an order to the district judge and to the old board to show cause why writs ■of certiorari and prohibition should not issue. The 'application is sought to be supported by the cases of Kuhlman v. Judge, 47 La. Ann. 53, 16 South. 776, Saizan v. Judge, 48 La. Ann. 1501, 21 South. 94, and Peters v. Bell, 51 La. Ann. 1621, 26 South. 442. 'These cases are not in point. In them the 'Court had no idea whatever of overruling the doctrine of' the Poincy and Gillespie Cases. Each of them is distinguished from •the Poincy and Gillespie Cases by its facts. Thus the court found that ‘Kuhlman had actually gone into possession of the office, and that the allegation that Cambre feared he would seek to take forcible possession of the same was therefore without foundation.” 'The Saizan Case was not a case of removal from office, but of filling a newly created office. In the Peters Case, the court begins -.the statement of facts in these words:
“This is a suit brought by the plaintiff to be reinstated in the office of assistant city engineer.”
Thus Cambre and Peters were out, and were seeking to reinstate themselves. The doctrine of the Poincy Case applies only when the officer sought to be removed has maintained his possession and asks to be protected in it until the question of whether he has- really been removed shall have been determined judicially; and that is precisely the situation of the instant case.
The rule nisi heretofore issued is therefore recalled, and the application for certiorari and prohibition is dismissed, at the cost of the relators.
BREAUX, C. J., concurs in the decree. NICHOLLS, J., dissents.