Statement of the Case.
MONROE, J.
The case here presented by the petition and return is as follows, to wit:
Relator was appointed by the Governor to the office of supervisor of registration for the parish of Orleans, “vice Jeremiah M. Gleason [plaintiff herein] removed for cause,” and plaintiff, alleging under oath that he had not been, and could not lawfully be, removed (there being no just cause shown or existing), and upon his giving bond as ordered, obtained from the district court a writ of injunction restraining relator from assuming and from interfering with him in the discharge of the duties of the office. Thereafter, at the instance of relator, the district court gave judgment setting aside the injunction as having been improvidently granted, and plaintiff, having been denied a suspensive appeal from the judgment so rendered, applied to the Court of Appeal for a writ of mandamus to compel the granting of the same. Thereupon relator applied to this court for a writ of prohibition, alleging that the appellate jurisdiction in the case was to be determined by the amount of the salary at stake, and that the annual salary of the office in dispute being $3,600, and plaintiff having been appointed in July, 1906, for four years, the •Court of Appeal was without jurisdiction. Plaintiff urged that the question of jurisdiction had not been presented to, or passed on by, the Court of Appeal, and that its decision •on that point would not be anticipated by this court; and, further, that he had been appointed for an unexpired term which will ■end in May, 1908; that the amount of salary involved is less that $2,000, and (being more than $100) that the case is within the appellate jurisdiction of the Court of Appeal. The prohibition having been denied by-this court on the ground first stated, the Court of Appeal, after hearing the parties, made the mandamus peremptory; and, after praying for, and being denied, a rehearing, relator made the application now under consideration, being an application to this court to exercise its supervisory jurisdiction to review and annul the judgment so rendered by the Court of Appeal and to prohibit that tribunal from further acting in the case. The ground originally relied on, to wit, that the amount of the salary involved in the controversy exceeds $2,000, appears to have been abandoned, was not passed on by the Court of Appeal, and is not urged here; the ground upon which relator now , relies being that a sus-pensive appeal does not, and will not, lie from the order of a district judge annulling and vacating an order of injunction which he believes was improvidently and illegally issued in the first instance; and that the action of the Court of Appeal in directing the said writ of mandamus to issue is contrary to, and in the teeth of, the decisions of this court in the following cases: Koehl v. Judge, 45 La. Ann. 1492, 14 South. 352; State ex rel. Lehman v. Judge, 46 La. Ann. 163, 15 South. 283; State ex rel. Kuhlman v. Judge, 47 La. Ann. 60, 16 South. 776; State ex rel. Keller v. Judge, 47 La. Ann. 61, 16 South. 663; State ex rel. Saizan v. Judge, 48 La. Ann. 1501, 21 South. 94.
Plaintiff (as respondent herein) refers the court to its decisions in the cases of State ex rel. Behan v. Judge, 32 La. Ann. 1276, State ex rel. Williamson v. Judge, 30 La. Ann. 314, State ex rel. Stackhouse v. Judge, 21 La. Ann. 152, State v. Judge, 19 La. 167, and other authorities, in support of the proposition that a suspensive appeal does lie from an order' dissolving an injunction. He insists that the present application is premature; and he suggests that, if relator is entitled to any relief with respect to an erroneous judgment of the Court of Appeal, he should seek it under *635 article 101, and not under article 94, of the Constitution. He further, and, in the event that the inquiry should proceed thus far, refers the court to several decisions as supporting his right to an injunction pending a judicial determination of the question of his right to the office in dispute, notably to the cases of Guillotte v. Poincy, 41 La. Ann. 333, 6 South. 507, 5 L. R. A. 403; Goldman v. Gillespie, 43 La. Ann. 83, 8 South. 880; Wheeler v. Fire Board, 46 La. Ann. 735, 15 South. 179; Sanders v. Emmer, 115 La. 590, 39 South. 631.
Opinion.
It will be seen from the foregoing statement that the question presented by relator’s previous application was whether this court would prohibit the Court of Appeal from acting upon an application for a mandamus to the district court to compel the granting of an appeal in a case, which, upon the face of the application, appeared to be within its appellate jurisdiction; the objection (suggested in this court) to such action being that the case in question was not appealable to the Court of Appeal, because the amount involved exceeded $2,000. And the question so presented was decided in the negative, on the ground, substantially, that the power is inherent in every court to determine in any given case the question of its own jurisdiction, and that no court can be prohibited from acting upon a question which it is authorized by law to consider and decide. The Court of Appeal thereupon heard argument from opposing counsel, and, reaching the conclusion that it was possessed of the necessary jurisdiction, ordered that the district court grant the appeal, which is the subject of the controversy. Relator now urges that the conclusion so reached, was erroneous; not because the amount involved exceeds the limit of the appellate jurisdiction of the Court of Appeal, but because (as it is alleged) “a suspensive appeal does not, and will not, lie from the order of a district judge annulling and vacating an order of injunction which he believes was improvidently and illegally issued in the first instance,” from which pre-' mise it is deduced, logically enough, that the respondent court is without jurisdiction to consider and decide a ease in which it has erroneously ordered that such an appeal be granted, and that it should be prohibited from so doing.
The trouble, however, lies in the premise. The Code of Practice provides that “one may appeal from all final judgments rendered in causes in which an appeal is given by law,” etc., and that “one may likewise appeal from all interlocutory judgments, when such judgments may cause him an irreparable injury.” And the Constitution confers on this court appellate jurisdiction in “all cases where the matter in dispute * * * shall exceed $2,-000, exclusive of interest,” and upon the Courts of Appeal similar jurisdiction in “all cases, civil or probate, when the matter in dispute * * * shall exceed $100, exclusive of interest, and shall not exceed $2,000, exclusive of interest.” Code Prac. arts. 565, 566; Const, arts. 85, 98.
In a ease recently decided it was said:
“It has many times been held by this court that its appellate jurisdiction, in a suit between contestants for public office, was and is based upon the salary or pecuniary perquisites attached to such office.” State ex rel. Rogers v. Parsons, 120 La. 263, 45 South. 125.
In the instant case, relator having abandoned his original objection to the jurisdiction of the Court of Appeal, we take it that, as to the amount involved, the jurisdiction of that tribunal is conceded. We have, then, a suit between contestants for a public office, the whole purpose of which, so far as the plaintiff is concerned, is to secure him in the possession and enjoyment of the office until the question whether he or the relator has the better right to it shall have been finally decided by a competent court.
And, as that purpose will be defeated by *637 the enforcement of the judgment dissolving the preliminary injunction obtained by him, the injury to result from such judgment will be irreparable, from which it follows that, according to the plain letter of the law, and whether such judgment be considered interlocutory or final, he is entitled to an appeal. .
In the case of State v. Judge, 19 La. 167, 171, 172, it appeared that an injunction issued restraining the suing out of executory process on mortgage notes to the amount of $200,000; that the writ was dissolved on motion, with damages, and that an appeal was allowed; that the suit was subsequently dismissed as in case of nonsuit, and that another appeal was taken on a bond for costs; that the district court thereupon ordered the seizure and sale of the mortgaged property; and that the plaintiff in injunction applied to this court for a writ of prohibition. In granting the writ (on conditions) the court said, inter alia:
“We conceive that, by obtaining this writ of injunction and furnishing the security required by the judge, Walden became entitled to the protection of the court, and to its interposition so as to prevent the seizure and sale of the property mortgaged so long as the matter in controversy remained undetermined. On the dissolution of the injunction, with damages, in the court below, he took a regular suspensive appeal, which necessarily had the effect of maintaining the injunction and of leaving the case, and all the orders taken in it, in the same state in which they were previous to its being dissolved. * * * Such as the writ of injunction was originally granted and issued, such, after the appeal, must it continue to remain' in full force and effect until the final determination of the suit in the appellate court.”
In State ex rel. Stackhouse v. Judge, 21 La. Ann. 154, it was held (quoting from the syllabus) :
“A suspensive appeal from a judgment dissolving an injunction against an order of seizure and sale will suspend the execution of the order until the judgment is affirmed by the Supreme Court.”
And the decision in State v. Judge, 19 La. 167, was categorically approved.
In State ex rel. Williamson v. Judge, 30 La. Ann. 314, it was said:
“As to the parties’ right to an appeal, and as to the form, the conditions, the effect of an appeal, the Constitution and the law make no distinction between those taken from judgments maintaining or dissolving injunctions granted with or without bond, and we can make none.”
In State ex rel. Becker v. Judge, 31 La. Ann. 850, it was said:
“The judge of the court below, in his answer, says he expressed his willingness to grant a devolutive appeal, but seems to have refused an appeal, suspensive in its nature^ because of a belief that an appeal of such a character would have continued in force the order by him temporarily granted, staying proceedings until the hearing as to whether or not he would grant the prayer for injunction; thus practically granti'~ ;■ an injunction without bond, for no bond had been required for the temporary order. In other words, he refused the suspensive appeal because of what he conceived to be a possible wrong to result from its issuance. In this we think he erred. The appeal was asked from the refusal to grant the preliminary injunction. Whether the appeal, when granted, would continue in force a temporary order issued under the circumstances disclosed by the record is a matter upon which we need express no opinion, as the question before us is simply as to the right of appeal from an order refusing an injunction, and not what such an appeal may suspend if allowed.”
In State ex rel. Behan v. Judge, 32 La. Ann. 1277, it appears that a restraining order was made staying an execution pending the hearing of a rule nisi for an injunction ; that, upon the hearing of the rule, the injunction was denied and the restraining order rescinded, and that the plaintiff in the proceeding appealed. The plaintiff in execution having thereafter proceeded to enforce his writ, the plaintiff in injunction applied to this court for a writ of prohibition, in issuing which the court said:
“Whatever may he our view on the propriety of the provisional injunction issued by the judge of the lower court, we are not called upon and are not authorized in this proceeding to express. * * * It is settled beyond peradventure that, from the dissolution of an injunction, a suspensive appeal will lie. State ex rel. Van Norden v. Judge, 26 La. Ann. 550; State ex rel. Winkelman v. Judge, 28 La. Ann. 902; Lahargue v. Waggaman, 28 La. *639 Ann. 904; State ex rel. Becker v. Judge, 31 La. Ann. 850; Beebe v. Guinault, 29 La. Ann. 795; State v. Judge, 19 La. 172; State ex. rel. Stackhouse v. Judge, 21 La. Ann. 153; State ex rel. Williamson v. Judge, 30 La. Ann. 315; State v. Lewis, Judge, etc., 7 Mart. (O. S.) 459. The character of the injunction is immaterial. It is sufficient that one was issued, and that it was subsequently dissolved. * * * It is enough that the plaintiff complains that the dissolution of the injunction will work him an irreparable injury, and that the facts alleged justify such conclusion.”
In Cotten v. Christen, 110 La. 444, 34 South. 597, it was held (quoting the syllabus):
“It being unnecessary to determine whether the judgment dissolving the injunction sued out in the case is interlocutory in character or not, no decision on that point is made; but it is held that a judgment dissolving an injunction taken against acts of trespass on real property, even if interlocutory in character, is appealable. In contemplation of law the injury is irreparable.”
There are many other decisions of similar import — i. e., sustaining the right to suspen-sive appeals from orders dissolving injunctions — -and there is no case in which the jurisprudence so established has been overruled. To the contrary the latest expression of the court directly bearing upon the question here at issue is to be found in the opinion in Jackson et al. v. Powell, 119 La. 882, 44 South. 689, in which it appeared that the Governor had appointed a school board for the parish of De Soto, vice, the incumbents, removed; that the incumbents enjoined the appointees from assuming the duties of the office and from interfering with them in the discharge thereof; and that the district judge declined to set aside the injunction. The appointees thereupon applied to this court for writs of certiorari and prohibition to review and control his action in the premises; and it was here held that:
“Where the members of the parish school board were sought to be removed from office by the exercise of the Governor’s removal power and the appointment of a new board as their successors, the members of the old board were entitled to protect their possession of the office by injunction,”
—and that the jurisprudence on that subject as established by the decisions in Guillotte v. Poincy, 41 La. Ann. 333, 6 South. 507, 5 L. R. A. 403, Goldman v. Gillespie, 43 La. Ann. 83, 8 South. 880, Wheeler v. Board, 46 La. Ann. 731, 15 South. 179, and Sanders v. Emmer, 115 La. 590, 39 South. 631, had not been affected by the rulings in the cases of Kuhlman v. Judge, 47 La. Ann. 53, 16 South. 776, State ex rel. Saizan v. Judge, 48 La. Ann. 1501, 21 South. 94, and Peters v. Bell, 51 La. Ann. 1621, 26 South. 442, which are distinguished from the others. The same thing may be said of the cases of Koehl v. Judge, 45 La. Ann. 1492, 14 South. 352, and State ex rel. Lehman v. Judge, 46 La. Ann. 163, 15 South. 283, in which the court was dealing with mandatory injunctions, and in which it did not appear that the interlocutory orders dissolving the same would work irreparable injury to the plaintiffs. We may say in conclusion that the instant case presents no particular features calling for the exercise of the supervisory jurisdiction of this court. There are certain questions to be determined, and we know of no reason why they should not be as well determined by the learned judges herein made respondents, in whom the Constitution has vested that authority, as by this court.
It is therefore ordered, adjudged, and decreed that relator’s application be denied, and this proceeding dismissed, at his cost.
NICHOLLS, J., dissents.