June 20, 1910.

No. 5108.

(Court of Appeal, Parish of Orleans.)

**STATE EX REL. RICHARDS AND GEORGE LONG ET AL. vs. JUDGE DIVISION A (T. C. W. Ellis).**

M. M. Boatner for relator.

Respondent Judge, in propria persona.

I. D. Moore and C. H. Osterberger of counsel.

ST. PAUL, J.—Relator sought and obtained an injunction restraining the directors of the Consumers' Biscuit Company from removing him from the office of President of said corporation or interfering with him in the performance of his duties.

The defendants moved to dissolve the injunction, as having improvidently issued, and also filed certain exceptions to the petition. The rule and exceptions were heard in due course, and disposed of in a judgment reading as follows:

"For reasons orally assigned, without prejudice to any right of action plaintiff may have to contest his removal from the office of President of the corporation and the election of his successor, and to recover damages, if any, the defendant's motion to dissolve the injunction and the defendant's exceptions of misjoinder and nonjoinder are sustained and said injunction is dissolved and plaintiff's suit is dismissed at plaintiff's cost as in case of nonsuit."

Thereafter, and within the delays allowed by law, relator applied for a suspensive appeal from said judgment. The District Judge refused to grant a suspensive appeal, but expressed his willingness to grant a devolutive appeal, and relator seeks by these proceedings to compel the granting of a suspensive appeal as prayed for by him.

The only question now before us is whether or not relator was entitled, of right, to a suspensive appeal.

Our distinguished brother of the District Court has filed a return touching in part on the merits of relator's right to a preliminary injunction in the premises, and assigning as his reasons for refusing to grant a suspensive appeal that, in his opinion, "the original injunction had been improvidently issued, and that, to grant a suspensive appeal would simply be continuing the injunction that should never have issued."

The essential features of this case are so very similar to those in the matter entitled **Gleason vs. Wisdom, No. 4420** of the Docket of this Court decided January 20, 1908, (not reported), that we quote in full the opinion in that case, delivered by Hon. W. B. Sommerville, Judge **ad hoc** (concurred in by Judges Fred D. King, **ad hoc,** and Albert Estopinal, Jr.), as follows:

"Plaintiff seeks to enjoin defendant from interfering with him in the office of Register of Voters for the Parish of Orleans. The proceedings appear to be under the authority of **Guillotte vs. Poincy, 41 An. 333.**

"The only point now presented to the Court is the right of appeal from an order of the District Judge in the case, to the following effect: 'This application having been considered, and being of opinion, after hearing counsel for all parties, that the injunction herein issued was improvidently granted, it is now ordered that said injunction be recalled and set aside, and the order upon which same is based is now rescinded and annulled. Done and signed in open court this 14th day of January, 1908, John St. Paul, Judge.'

"The Judge has made no formal return to the writ applied for in this case. Counsel at the bar represent that Judge St. Paul refused to grant an appeal from the order hereinabove entered, on the ground that such order of appeal would work an injury to the defendant, by keeping in force and effect the preliminary injunction erroneously issued by him.

"A somewhat similar case was presented to the Supreme Court in **State ex rel. J. P. Becker vs. Judge of the Sixth District Court, 31 An. 850.** In that case the Court said:

"'The plaintiff applied for a suspensive appeal,

and on its being refused, our jurisdiction was invoked. The Judge of the court below, in his answer, says he expressed his willingness to grant a devolutive appeal, but seems to have refused an appeal suspensive in its nature because of a belief that an appeal of such a character would have continued in force the order by him temporarily granted staying proceedings until the hearing, as to whether or not he would grant the prayed-for injunction; thus practically granting an injunction without bond, for no bond had been required for the temporary order. In other words, he refused the suspensive appeal because of what he conceived to be a possible wrong to result from its allowance. In this we think he erred. The appeal was asked from the refusal to grant the preliminary injunction. Whether the appeal, when granted would continue in force a temporary order issued under the circumstances disclosed by the record, is a matter upon which, we need express no opinion, as the question before us is simply as to the right of appeal from an order refusing an injunction, and not what such an appeal may suspend if allowed. That an appeal lies from a refusal to grant a preliminary injunction, is no longer an open question. (State ex rel. Tricou vs. Lewis, 7 M. 459; 28 An. 902; 29 An. 795.) The right to appeal, being, therefore, undoubted, its nature did not. depend on the discretion of the lower Judge, but on the appeal having been applied for within the time and in compliance with the forms prescribed by law. The writs of mandamus and prohibition are made peremptory.'

"By virtue of the above authority and without considering what effect the rescinding of the order of injunction by the District Judge may have the mandamus herein applied for must be made peremptory. Argument at the bar presented the case to a certain

— 511 —

extent on the merits of the cause on the face of the papers, but the Court refrains from expressing any opinion whatever on the case until it is regularly before it on appeal.''

Precisely the same question was also presented to and passed upon by the Supreme Court in a case between the same parties, at about the same time, and the ruling of that Court was to the same affect as above.

Gleason vs. Wisdom, 120 La. 632.

These opinions are directly in point in the matter before us.

It is, therefore ordered that a writ of mandamus issue herein, directed to the Hon. T. C. W. Ellis, Judge of Division A, Civil District Court for the Parish of Orleans, commanding him to grant relator a suspensive appeal as prayed for, and to fix the amount of bond to be furnished and the return day for said appeal.