DUROCH, Appellant, v. CAILLOUET

(April 11, 1927. Opinion and Decree.)
(May 9, 1927. Rehearing Refused.)
(July 12, 1927. Writs of Certiorari and Review Denied in Supreme Court.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Office and Officer— Par. 1.—Exemptions from Seizure— Par. 2.**

All employees engaged in the public service are officers within the meaning of Article 647 of the Code of Practice.

2. **Louisiana Digest—Exemptions from Seizure—Par. 11.**

Salaries of officers are exempt from seizure.

Appeal from Twenty-eighth Judicial District Court. Hon. P. E. Edrington, Judge.

Action by Mrs. P. Duroch against P. E. Caillouet, et al.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Chas. J. Mundy, of New Orleans, attorney for plaintiff, appellant.

L. Robert Rivarde, of New Orleans, attorney for defendants, appellees.

CLAIBORNE, J. The issue in this case is whether the fees of a sheriff's keeper are exempt from seizure.

The facts are as follows: On January 6th, 1922, the plaintiff obtained against the defendants a judgment for $6100.00 with interest and attorney's fees. On March 8th, 1922, the plaintiff issued execution of said judgment. By virtue thereof the sheriff seized in his own hands $220, being an amount due defendant, P. E. Caillouet, as sheriff keeper's fees, in Suit No. 1026. On May 8th and October 9th, 1922, the plaintiff called on the sheriff by rule to show cause why he should not turn over said fees to her. The sheriff answered "that the sum of $250 alleged to be due as keeper's fees are not susceptible of seizure because sheriff's fees are exempt under the law from seizure". On November 5th, 1923, the judge maintained the sheriff's answer and dismissed the rule. From this judgment the plaintiff has appealed.

The plaintiff has argued that the sheriff has no right to set up vicariously the plea of exemption. We think he has a sufficient interest in protecting the rights of his employees to entitle him to plead the exemption. Being bound to know that the fees are exempt from seizure he might have made himself liable to his employee by failing to plead the exemption, suffering judgment to go against him, and by paying the amount without resistance.

The sheriff had a duty to plead that the plaintiff had no right to defendant's money in his hands.

Under repeated decisions of this court any employee in a public office is a public officer. 4 Orl. App. 169; 5 id. 77; 9 id. 26; Wheeler vs. Board of Fire Comm'rs, 46 La. Ann. 734, 15 South. 179.

In the recent case of Fisher vs. Dubroca, the Supreme Court decided that the salary of an officer is exempt from seizure.