McCALEB, Justice.
On September 11, 1956, defendants herein, Lawrence W. Bergeron, Edmond Collins and Selma Picardía, were each appointed and commissioned by the Governor as a commissioner for the Lake Borgne Basin Levee District. These appointments were made under authority of R.S. 38:1071, as-amended by Act 35 of the Extraordinary Session of 1956, which granted to the Governor in office the right to appoint the *377 Levee Commissioners for the Lake Borgne Levee District, said commissioners to hold their offices “during the term of office of the Governor appointing them or until their successors are appointed and qualified”.
On September 16, 1956, the three commissioners in possession of the offices as Commissioners of the Levee District, who had been appointed by a previous administration, filed this suit[1] alleging that the three new appointees were attempting to take over the Board of Commissioners of the Levee District and to dispossess them of their offices and that the appointments of the defendants to the offices were illegal because Act 35 of the Extraordinary Session of 1956 is unconstitutional, null and void, being violative of Section 14 of Article 5 of the Constitution in that the call for the Extraordinary Session did not include reference to the amending and reenacting of R.S. 38:1073, which provides for the appointment of the Levee Commissioners for the Lake Borgne Levee District and their terms of office, and in that R.S. 38:1071, as amended by Act 386 of 1956 (which was reenacted by Act 35 of the Extraordinary Session of 1956), embraced seven separate and distinct objects in violation of Section 16 of Article 3 of the Constitution and is further violative of Section 8 of Article 3 as the Act was introduced after the thirty-day deadline and was not adopted by a yea and nay vote. They accordingly prayed for the issuance of a temporary restraining order and a preliminary and permanent injunction, restraining and prohibiting the defendants from interfering with petitioners and any officers and employees of said Levee Board.
On the showing made by plaintiffs, a temporary restraining order issued and defendants were cited to show cause why the relief prayed for should not be granted. On the appointed day defendants appeared and resisted the demand by way of exception of no right or cause of action and answer, in which they denied the unconstitutionality of the statute and asserted that their appointments were legal. Following a hearing, the judge found for plaintiffs holding that Act 35 of the Extraordinary Session of 1956 was unconstitutional for the reasons advanced in the petition and that the commissions issued by the Governor to defendants under authority of that statute were null and void. He thereupon issued a preliminary injunction as prayed for, from which defendants applied for an order of suspensive appeal, which was denied. Application was then made to this Court by defendants for remedial writs and, acting under the authority of Act 15 of the Second Extraordinary Session of 1934 (R.S. 13:4431-4432) and Wall v. Close, 201 La. *379 986, 10 So.2d 779, we granted a suspensive appeal without bond.
After the appeal was lodged in this Court, plaintiffs sought to have it transferred to the Court of Appeal for the Parish of Orleans on the ground that the amount in dispute did not exceed the minimum monetary-requirement of $2,000 provided by Section 10 of Article 7 of the Constitution. This, we refused to do, holding that this court was vested with appellate jurisdiction of the case since the trial judge had declared a law of this State to be unconstitutional. See Board of Commissioners, etc. v. Bergeron, 232 La. 519, 94 So.2d 652.
In their brief and oral argument in this Court on the merits of the appeal, counsel for plaintiffs have completely abandoned the charge upon which the suit is founded, i.e., the unconstitutionality of Act 35 of the Extraordinary Session of 1956, and are contending, for the first time, that the judgment granting a preliminary injunction should be affirmed on the ground that the evidence introduced by defendants does not show that they have complied with the law (R.S. 42:141 and R.S. 42:161) by filing their oaths in the office of the Secretary of State within thirty days after the oaths were administered and, thus, have vacated their right to the offices. Counsel attempt to justify this unique reversal of position on the basis of an asserted enlargement of the pleadings, notwithstanding that the issue was not raised below, the pleadings of both parties[2] being directed solely to the authority of the Governor to issue the commissions pursuant to Act 35 of the Extraordinary Session of 1956. Counsel theorize that, since defendants did introduce some evidence anent their qualifications (testimony of the Clerk of Court that defendants had filed their oaths with him) to which plaintiffs did not object, this had the effect of enlarging the original pleadings and put at issue the question of defendants’ title to the offices. From this premise it is asserted that, as defendants failed to establish full compliance with the law by filing their oaths with the Secretary of State within the thirty-day period, they were properly enjoined by the district court.
 We find no merit in the contention. Forasmuch as defendants did not *381 place at issue title to the offices (compare Guillory v. Jones, 197 La. 165, 1 So.2d 65 and Alleman v. Dufresne, La.App., 17 So.2d 70) the admission of the evidence without objection concerning their qualifications did not effect an enlargement of the pleadings which were at all times, during the trial and since, addressed exclusively to the question of the constitutionality of Act 35 of the Extraordinary Session of 1956.[3] While it is true that reception of evidence without objection on issues not pleaded will have the effect of enlarging the pleadings so as to include the new matter, provided the evidence was not otherwise admissible, this rule creates the new issues only in favor of those offering the unpleaded evidence; it cannot be extended so as to produce new claims for the benefit of the litigant, who has not tendered the evidence which is relied on as introducing the new issue.
The judgment appealed from is annulled and set aside and plaintiffs’ demands are rejected. All costs are to be paid by the three plaintiffs, who have sued in their individual capacities.
PONDER, J., absent.

. Lake Borgne Basin Levee District represented by its President, one of the plaintiffs, joined with the individual commissioners as party plaintiff in the case.

. Defendants could have, but did not, reconvene and thus place at issue title to the offices. See Guillory v. Jones, 197 La. 165, 1 So.2d 65 and Alleman v. Dufresne, La.App., 17 So.2d 70, distinguishing prior jurisprudence. See Guillotte v. Poincy, 41 La.Ann. 333, 6 So. 507, 5 L.R.A. 403; Goldman v. Gillespie, 43 La.Ann. 83, 8 So. 880; Wheeler v. Board of Fire Commissioners, 46 La.Ann. 731, 15 So. 179; State ex rel. Kuhlman v. Rost, 47 La. Ann. 53, 16 So. 776; State ex rel. Keller v. Rost, 47 La.Ann. 61, 16 So. 663; Peters v. Bell, 51 La.Ann. 1621, 26 So. 442; Sanders v. Emmer, 115 La. 590, 39 So. 631; Jackson v. Powell, 119 La. 882, 44 So. 689; Gleason v. Wisdom, 120 La. 632, 45 So. 530; State ex rel. Bourg v. Turner, 152 La. 828, 94 So. 411; State ex rel. Ferry v. Buchler, 166 La. 743, 117 So. 814 and State ex rel. Porterie v. Smith, 182 La. 662, 162 So. 413.

. Furthermore, even were we able to deduce that the pleadings had been enlarged by the admission of the evidence referred to, we would have no jurisdiction to determine the question belatedly raised by counsel for plaintiffs as our jurisdiction of this appeal has been invoked and sustained only on the basis that a statute of this State has been declared unconstitutional. It is well settled that, when an appeal is taken to this Court on the sole ground that a statute has been held unconstitutional, our inquiry is limited to that specific issue and all other other questions raised on appeal will not be considered unless it affirmatively appears that this Court has jurisdiction of the case on some other basis. See State ex rel. Chehardy v. New Orleans Parkway Commission, 215 La. 779, 41 So.2d 678 and State v. Verret, 229 La. 934, 87 So.2d 297.