April 20, 1908.

————o————

No. 4433.

(Court of Appeal, Parish of Orleans.)

JEREMIAH M. GLEASON, vs. MORTIMER N. WISDOM.

1. This is exclusively an injunction proceeding. Proceedings by injunction cannot be used as a means of determining disputed title to office; but they may be properly used to protect the possession of officers de facto against the interference of claimants whose title is disputed until the latter shall establish their title by the judicial proceeding provided by law. (Guillotte vs. Poincy, 41 An. 335.)

2. Claims to an office, under conflicting commissions, will not be considered and passed upon in an injunction proceeding, the sole object of which is to maintain the incumbent in possession provisionally until the pretensions of the adverse claimant, who threatens to induct himself into office and thus oust the de facto officer, without legal intervention, are judicially determined. (Goldman vs. Guillespie, 43 An. 83, and Jackson et als. vs. Powell et als., Vol. 44 Sou. Rep. 689.)

3. Though not so declared by statute, the uniform jurisprudence no longer leaves the question of the granting or refusal of an injunction to the discretion of the District Judge in a case of a

de facto officer resisting his removal by the Executive; but the injunction must be granted such de facto officer as of right.

Moore and Dufour, J. J., recused.

King, J., ad hoc, concurs.

Sommerville, J., ad hoc, takes no part, not having heard the argument.

Appeal from Civil District Court, Division "C."

Dinkelspiel, Hart & Davey, Appellant.

Miller, Dufour & Dufour, C. J. Theard, Henriques & Duchamp, C. P. Fenner, Appellees.

ESTOPINAL, J. The plaintiff, alleging himself to be the incumbent of the office of Supervisor of Registration for the Parish of Orleans, having been duly commissioned and qualified as such in July, 1904, and having entered upon the discharge of the duties of said office and continued so to do uninterruptedly up to the time of filing his petition herein, avers that his term of office under the law, expires in the month of May, 1908, his appointment having been made for four years; that notwithstanding the above state of facts, one Mortimer N. Wisdom, claims to have been appointed to said office of Supervisor of Registration for the Parish of Orleans, in his (plaintiff's), place and stead, and that under said claim of appointment he, (Wisdom), will present himself at the office of the Registrar of voters and attempt to take possession forcibly of said office and oust him, (plaintiff), therefrom, and that his only relief is through a writ of injunction issued by this Court.

Plaintiff further avers that the defendant, (Wisdom), is without right or authority to assume the duties of the office of Supervisor of Registration; that he had had no notice of his removal from said office and the appointment of his successor; that he cannot legally be removed, if at all, except for cause shown; that he is the actual incumbent of the office of Supervisor of Registration and in possession of said office, and is entitled to a writ of injunction to prevent interference in his possession and management of the affairs of said office; that if it be a fact that the defendant, (Wisdom), has any claim to said office or title

180

thereto, that said claim cannot be exercised by said (Wisdom), until it has been judicially recognized.

The lower Court granted a preliminary injunction on the 11th day of January, 1908, but subsequently, to-wit; on January 14th, 1908, the Court dissolved and set aside the injunction, from which ruling of the District Court this appeal is prosecuted.

The only question presented to this Court is: "Whether the plaintiff, under the showing made in his petition for injunction, was entitled to the injunction pending a judicial determination of their respective claims to the office."

In determining this issue we must avoid any consideration of the merits, otherwise we should be deciding the question of title of office, by injunction, which method is sanctioned neither by law nor jurisprudence. Able counsel argued on behalf of defendant at the bar of this Court that the right of the Executive to remove for cause his own appointees, could not be interfered with by the judiciary, and cited in support of their contention the case of the State of Louisiana ex rel, Attorney General, and Martin vs. V. Lamantia.

This case can have, and indeed, has no bearing on the present controversy. This was a contest for office by the Governor's appointee as Inspector of Weights and Measures, against the incumbent, who refused to surrender the office. This was a proceeding under the "Intrusion into office act," and as such, involved the merits of the case.

The right of the Executive to remove for cause was upheld, the Court saying: "The Governor is the sole judge of the existence of such causes, and his action of removal is final and irreversible by the judiciary." This is not the issue here however, and the Supreme Court itself, when presented some years after with a case identical with the instant case, Goldman vs. Gillespie, 43 A. 85, said:

"This is exclusively an injunction proceeding. The fundamental averments upon which plaintiff relies are simply that the defendant who has been illegally commissioned by the Executive to succeed the petitioner as having been *removed, unless restrained by injunction,* will soon attempt to assume the functions of said office, and claim the perquisites of the same, in the place and to the exclusion of petitioner."

The prayer is in accord with the averments. The injunction sought for was allowed.

Issue was joined by exceptions and by a general denial, amplified by averments of previous vacancy occasioned by a removal, which denied to the plaintiff the right to aver himself as an incumbent.

The exceptions were overruled, and the injunction issued *in limine* was allowed to continue until the determination of the pretentions of the defendant in a proper proceeding.

Discussing, the Court continuing, say:

"The exceptions were properly overruled. The petition disclosed a cause of action, and the other matters thereby set up appertain to *another future suit, and not to that before the Court.*"

The litigants asserted conflicting titles to the office, *raising questions involving the power of the Governor to remove* and suppoint a successor. Again, notwithstanding the jurisprudence laid down by itself in the Lamantia case, decided ten years prior to the Goldman case, the Court significantly say:

"Whatever the appearance and contention of the parties were below and here on that subject, it is clear that under the conservative ruling in the case of Guillotte vs. Poincy, 41 A. 333, which is fully applicable to this case as far as the law is concerned touching the "quid judicandum," the respective titles of the contestants to the office of Commissioner of the Fifth Levee District, *cannot now be determined.*"

The Court in this case affirmed the order of the District Court, granting an injunction maintaining the incumbent in office until the title thereto was determined in a proper proceeding.

In Jackson et al. vs. Powell, et al., recently decided by the Supreme Court (Aug. 8th, 1907), the identical issue found in the instant suit was involved. The *de facto* members of the School Board of the Parish of De Soto, sought and obtained an injunction on the ground that the Governor was without power to remove them, whereupon, the de jure members of the Board appealed to the Supreme Court seeking a dissolution of the injuction granted by the District Court.

The Court say: "In the exercise of power apparently conferred upon him by a statute, the Governor removed from office the members of the School Board of the Parish of De Soto, and appointed a new Board. The new Board qualified by taking the

oath of office, and "were in the act of assembling and entering upon the discharge of the duties of said office." when the old Board sued out an injunction. This was upon the authority of the cases of Guillotte vs. Poincy, 41 La. An. 333, 6 South, 507, 5 L. R. A. 403, Goldman vs. Gillespie, 43 La. An. 83, Wheeler vs. Board of Commissioners, 46 La. An. 731, 15 South, 179, Sanders vs. Emmer, 115 La. 590, when this Court held that the incumbent of an office who is unwilling to surrender possession, cannot be dispossessed by the exercise of removal and the appointment of a successor, but only by an "intrusion into office" suit, and may, when sought to be dispossessed in the former way, protest his possession by an injunction."

We understand the cases of Guillotte vs. Poincy. 41 A. p. 333, Goldman vs. Gillespie, 43 A. p. 83, and Jackson vs. Powell, give the incumbent of an office, a *de facto* officer, that is, an officer actually in possession of an office, the right to obtain from a District Judge an injunction maintaining him in possession, against an adverse claimant, until the title to the office is judicially determined.

Both in the Guillott and Goldman cases, the District Judges are warned to be careful in granting injunction where the incumbent resists the appointment of his successor by the Executive, yet, as stated, they have maintained the right of the incumbent to an injunction pending the judicial determination of the title to the office.

We are of opinion that though not so declared by statute, the uniform jurisprudence no longer leaves the question of the granting or refusal of an injunction to the discretion of the District Judge in a case of *a defacto* officer resisting the removal by the Executive, but must grant the injunction, as of right.

We consider the case before us, Gleason vs. Wisdom, "exclusively an injunction proceeding" to maintain an incumbent, a *de facto* officer in possession of his office until his title to the office is judicially determined in a proper proceeding, and under the cases cited, Guillotte vs. Poincy, 41 A. p. 333, Goldman vs. Gillespie, 43 A. p. 84, and Jackson vs. Powell, that the plaintiff was and is entitled of right to an injunction maintaining him in the possession thereof until said issue is tried.

It is therefore adjudged and decreed, that the judgment appealed be, and the same is hereby reversed and set aside, and it is now ordered, adjudged and decreed, that the preliminary in-

junction granted by the lower Court be, and it is hereby reinstated, and the injunction perpetuated until such time only as will be required for a judicial determination of the title to the office of Supervisor of Registration for the Parish of Orleans.

Costs of these proceedings to be taxed to the defendant.

April 20, 1908.

Rehearing refused June 8, 1908.