## MISITA v. INTER-CITY EXPRESS LINES, Inc.
## No. 1037.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1932.

Ellis & Ellis, of Amite, for appellant.

Milner & Porteous and W. H. Talbot, all of New Orleans, for appellee.

LE BLANC, J.

This is a suit for damages resulting from a collision between two automobile trucks at a point not far south of the town of Ponchatoula, on the Hammond-New Orleans highway, at about 2 o'clock of the morning of July 24, 1931.

Plaintiff who had gone to New Orleans in his truck to get a load of fish which he retailed at his place of business in Amite was on his way back home, and was therefore driving north. Defendant's truck, being driven by a man named Martin, was on its way from McComb, Miss., to New Orleans, carrying a load of milk. In the truck with Martin was a young man named Riley Hancock, whom he had picked up on the road. This party did not testify in the case, but there is a stipulation in the note of evidence to the effect that, had he been put on the witness stand, his testimony would be substantially the same as that of the witness Martin, driver of the truck. With the plaintiff, in his truck, was a negro named Pink Anderson, who happened to be driving at the time of the accident.

Plaintiff blames the driver of the defendant truck for careless and negligent driving and for being on the wrong side of the road and running into his truck, causing it to be damaged to the extent of $550. He also claims to have lost his load of fish valued at $62, a bottle of medicine worth $2, and the loss of two days from his work, which he values at $10 per day. In addition, he alleges that he had to pay $5 for wrecker service for towing his truck from off the highway. His total demand is for the sum of $639.

The answer of the defendant is virtually a denial of all the allegations of the plaintiff's petition, and it contains a counter charge of negligence on the part of the driver of plaintiff's truck in being on his wrong side of the road and not heeding light signals to get on his right side so as to let the defendant truck meet him in safety. By reason of that negligence the defendant in a reconventional demand asks for a judgment against plaintiff in the sum of $305 for damages which are itemized as follows: Damage to the truck, $225; value of 15 cans of milk that were destroyed, $30; five days' loss of the use of the damaged truck at $10 per day, $50.

The judgment of the lower court, strange to say, declares the evidence and the law to be in favor of the plaintiff and against the defendant, but the decree is in favor of the defendant and against the plaintiff, dismissing his suit at his costs. As it is the de-

cree which controls, the judgment, therefore, is one in favor of the defendant. It is, however, silent with regard to the reconventional demand presented by the defendant. Plaintiff took an appeal in open court, and at a subsequent date defendant also obtained an order of appeal, and it now urges upon us that the judgment should be amended by awarding the damages claimed under the reconventional demand.

The case is one in which the testimony is rather conflicting. There was an equal number of witnesses on each side, and these are also divided equally on the different points involved in the testimony. The two witnesses who were in the plaintiff's truck testify favorably for the plaintiff, and the two in the other truck testify in the same way for the defendant. We say the two in defendant's truck, because the admission placed of record with regard to the witness Hancock, who resided in the state of Mississippi, virtually makes him appear as testifying in the same manner and to the same facts as the witness Martin who was driving the truck. If any one of the witnesses is not as positive as the others in his testimony, it is the negro Pink Anderson, who at the moment of the collision was driving the plaintiff's truck. He is rather vague and indefinite in his account as to how the accident occurred. A witness named Anglade, night marshal of Ponchatoula, who arrived at the scene after the accident, testified that the marks from the wheels of defendant's truck were east of the center line of the pavement, and, on the other hand, we have the witness Montagut for defendant, who also arrived some time after the collision, who says that the marks of the wheels of plaintiff's car were west of that center line, which was on the side the defendant's truck had the right to be.

There is one fact, however, on which there appears to be no contradiction, and that is that, after the collision, the truck of the plaintiff was on the west side of the road, which is the side upon which defendant's truck was proceeding on its way toward New Orleans. This fact favors the version given by Martin, the driver of the defendant's truck of how the accident occurred, and justified a finding by the trial court in favor of the defendant.

The case does not impress us as one in which the accident was due to the fault of both drivers of the trucks. The lower court did not find the defendant's truck driver at fault, as otherwise, it seems to us, it would have rejected defendant's reconventional demand. As we are of the opinion that the testimony favors the defendant and shows the driver of plaintiff's truck to have been at fault, it is necessary that we decree a judgment awarding the defendant the damages which it has proven in reconvention. We find sufficient evidence to support the item of

$225 for damages to the truck and also for the $30, the value of the milk that was lost. The item of $50 for loss of the use of the truck has not been sufficiently proven, and will not be allowed.

For the foregoing reasons, therefore, it is necessary to amend the judgment of the lower court, so as to make it read as follows:

It is now ordered, adjudged, and decreed that there be judgment in favor of the defendant, Inter-City Express Lines, Inc., and against the plaintiff, Tony Misita, rejecting the said plaintiff's demand and dismissing his suit, and it is further ordered, adjudged, and decreed that there be judgment in favor of the said defendant, plaintiff in reconvention, and against the said plaintiff, defendant in reconvention, in the full and entire sum of $255.00, with legal interest from judicial demand, and all costs of this proceeding.

ELLIOTT, J. (dissenting).

I think there should be judgment in favor of the plaintiff to the extent of the damage sustained by him as a result of the collision. There is a conflict between the testimony of the plaintiff, Misita, and Martin, the driver of defendant's truck, as to their positions on the road at the time and place of the impact. The plaintiff is supported on the subject by a negro boy who was driving his truck, while defendant's driver is supported by an admission that a party riding on his truck would, if present, testify as had been done by its driver, but the testimony of Octave Anglade, night marshal of Ponchatoula, supports the plaintiff, and, to my mind, creates the necessary preponderance, as to the position of each in the road at the time of the impact, in favor of the plaintiff.

Anglade, different from the other parties mentioned, had no apparent interest in the result of the case. The plaintiff requested him to come to the place, and he came within, say, 30 minutes after the accident, and looked into the cause of the collision. It had been raining some, and was drizzling rain at the time Anglade arrived at the scene, but he came so soon after the accident that the rain and traffic had not at that time obliterated the tracks made by plaintiff's truck and that of the defendant and the trailer it was pulling. He testified that he could see the tracks made by each truck and that the tracks showed that defendant's truck, at the place of impact, was from 12 to 14 inches on the wrong side of the center of the highway. Each of the trucks had on them a wide body, and the trailer pulled by defendant had on it a wide body.

The evidence convinces me that defendant's driver was driving, at the moment of the impact, to the left of the center of the road as stated by Anglade, and that, upon seeing the near approach of plaintiff's truck coming

north meeting him, he swerved back to the side of the road on which·he should have been driving, but not in time; it was too late. His truck was about 14 feet long, and was pulling a trailer about the same length, making a total length of about 28 feet, and, before he could get his length back to the side of the road on which it should have been, it was contacted with by plaintiff's truck, resulting in the damage sustained by the plaintiff.

I attach no importance to the testimony of Mr. Montagut in stating what he claims the tracks showed after he arrived at the place. He is in effect the defendant in the case. He did not reach the scene until about daylight, which was, I take it, four or five hours after the accident, and by which time the rain and traffic must have obliterated all reliable signs near the center of the road. As for defendant's reconventional demand, as I think he is responsible for the collision and for the damage suffered by the plaintiff, I feel as a matter of course that he should not be permitted to recover. For these reasons I dissent.