94 So.2d 652

**BOARD OF COMMISSIONERS FOR LAKE BORGNE BASIN LEVEE DISTRICT et al.**

v.

**Lawrence W. BERGERON, Edmond Collins and Selma Picarella.**

No. 43254.

April 1, 1957.

Allen J. Tillery, Thomas M. McBride, III, Arabi, for defendants-appellants.

L. H. Perez, New Orleans, E. W. Gravolet, Jr., Point-a-La Hache, for plaintiffs-appellees.

SIMON, Justice.

The Board of Commissioners of the Lake Borgne Basin Levee District, hereinafter called "Levee District", through its President, Roland Bergeron, and the said Roland Bergeron, Henry Schlindler, Jr. and Howard Hingle, the alleged lawfully appointed, qualified and acting commissioners of said "Levee Board," obtained a temporary restraining order against the defendants, Lawrence W. Bergeron, Ed-

mond Collins and Selma Picarella, restraining and prohibiting them and each of them, their associates, and all persons having knowledge thereof from interfering with said petitioners and any officers and employees of said "Levee Board," and further restraining or prohibiting said defendants from acting or attempting to act or to take or assume any office of said "Levee Board" until the further orders of the Court. A rule nisi was issued against the said defendants ordering them to show cause why a preliminary injunction should not issue enjoining them from performing or attempting to perform the acts ordered restrained.

The defendants have been commissioned by the Governor of the State of Louisiana as Commissioners of the Lake Borgne Basin Levee District by virtue of the provisions of Act 35 of the First Extra Session of the Louisiana Legislature, 1956, LSA–R.S. 38:1071 and note.

In this proceeding plaintiffs sought to have the said Act 35 and the commissions issued thereunder declared unconstitutional, illegal, null and void.

Thus this suit is predicated on the attempt by plaintiffs to have the said Act 35 declared unconstitutional so as to warrant injunction prayed for by them. No other ground or cause of action is urged or pleaded.

After trial thereof the said rule nisi was made absolute and a preliminary writ of injunction was issued as prayed for.

In his written reasons for judgment, wherein his views on the law applicable were expounded, the trial judge concluded as follows:

"The court, therefore, finds that Sections 2 and 3 of Act 35 are unconstitutional and void, and that the commissions issued by the Governor to Defendants, therefore, likewise are null and void and do not entitle Defendants to take over said offices or the 'Levee Board.'"

Whereupon, defendants timely applied for an order of suspensive appeal from said judgment which was denied. Application was made to us for writs of certiorari, prohibition and mandamus. Acting under the authority of Act 15, Second Extraordinary Session of 1934, LSA–R.S. 13:4431, 13:4432, we granted a suspensive appeal without bond from the judgment of the district court returnable to this Court on November 5, 1956.[1]

Pending appeal plaintiffs filed a motion to transfer this case to the Court of Appeal, Parish of Orleans, on the ground that the amount in controversy is less than $2,000.

The defendants contend that this Court has appellate jurisdiction by virtue of Art.

1. Wall v. Close, Director of Finance, 201 La. 986, 10 So.2d 779.

7, Sec. 10 of the La.Const. of 1921 LSA in that a "law of this State has been declared unconstitutional" and that the amount in dispute exceeds $2,000, exclusive of interest.

Art. 7, Sec. 10, Paragraph 1 of La.Const. 1921 provides: "The Supreme Court shall have control of, and general supervision over all inferior courts and shall have further jurisdiction as follows: * * *".

Paragraph 3 of said Art. 7, Sec. 10, provides: "It shall have appellate jurisdiction in civil suits where the amount in dispute * * * shall exceed two thousand dollars exclusive of interest * * *".

Paragraph 5 of Art. 7, Sec. 10, provides: "It shall have appellate jurisdiction * * in all cases wherein an ordinance of a parish * * * or a law of this State has been declared unconstitutional * * *".

In their brief plaintiffs argue that there is no word in the judgment appealed from which decrees any act of the Legislature to be unconstitutional. They further contend that although the reasons for judgment by the trial judge "dwelt largely with an analysis of Act 35 of the First Special Session of 1956 and that he was of the opinion that said Act was unconstitutional for the reasons he assigned, as a matter of fact, he was careful not to declare said Act unconstitutional in his judgment or decree because he considered it unnecessary to base his judgment on the unconstitutionality of the Act, because the record of this case showed that the defendants had not qualified for the Offices of Levee Commissioners by filing their Oaths of Office with the Secretary of State."

We find plaintiffs' contention, though ingenious, strained and untenable. An analysis of the trial judge's "Reasons for Judgment on Rule Nisi for Preliminary Injunction" as well as the formal judgment rendered herein fails to reveal that the issue of oaths of office as commissioners of said "Levee Board," legally or otherwise, was considered by the trial court as a basis for the findings and conclusions reached by it; whereas the provisions of the statutes in question were critically analyzed and expressly declared to be in violation of our Sec. 14 of Art. 5 of our Constitution[2] and therefore the commissions issued thereunder were null and void.

In an effort to support their contention plaintiffs cite the case of Misita v. Inter-City Express Lines, Inc., La.App. 1st Circuit, 143 So. 677, wherein the judgment of the lower court declared the evidence and law to be in favor of the plaintiff and

2. La.Const.1921, Art. 5, Sec. 14, provides in part that: "The power to legislate, under the penalty of nullity, shall be limited to the objects specially enumerated in the proclamation of the Governor, or petition and notice, convening such extraordinary session, * * *".

against the defendant, but the decree was rendered in favor of the defendants and against the plaintiff dismissing plaintiff's suit at his cost. The Court of Appeal, First Circuit, held that as it is the decree which controls, the judgment, therefore, is one in favor of the defendant. Upon consideration of the merits and issue involved in that case the court of appeal amended the judgment of the lower court so as to read in accordance with its opinion. We find that this case is neither pertinent to nor controlling over the instant case.

In the case of In re Clover Ridge Planting Mfg. Co., Inc., 194 La. 77, 193 So. 468, 473, we find the following expression of law:

"It is well settled that a judgment disposes of all the issues and controversies raised in the case and creates an estoppel barring the parties from any further legal action involving the identical subject matter considered and disposed of by said judgment. And the judgment should be so construed as to give effect to every word and part of it and the effects and consequences which follow from its terms whether expressed or implied. It is also a well recognized principle that a judgment is read in the light of the pleadings. * * *

"Succession of Regan, 12 La.Ann. 156: 'When a judgment has once been signed by the Judge, it should be interpreted by the court which rendered it, as well as by all others, as the foreign writers say, objectively; that is, it should be construed with reference to the pleadings and the subject matter of the controversy, according to the natural and legal import of the terms used.' Davis v. McCain, 171 La. 1011, 132 So. 758; Peniston v. Somers, 15 La.Ann. 679; 23 Cyc. page 1101, Construction and Operation of Judgments."

In the instant case, the defendants have been restrained and enjoined as prayed for in plaintiffs' pleadings for the expressly declared reason as decreed by the trial court that the statute in question under which their commissions were issued was unconstitutional, null and void. We find this conclusion, read in the light of the pleadings, is the only one consistent with the reasoning of the written opinion handed down by the trial court in connection with this decree. Accordingly, we are constrained to construe the judgment of the trial court to be one wherein a law of this state has been declared unconstitutional and to conclude that appellate jurisdiction is therefore vested in this Court. La.Const. 1921, Art. 7, Sec. 10.

Accordingly, for the reasons assigned, the motion to transfer this appeal to the Court of Appeal, Parish of Orleans, is denied.